GEORGE D. ROBINSON, executor, *vs.* EDMUND BRENNAN.

*Hampden.*    September 21. — 22, 1874.    MORTON & ENDICOTT, JJ.,
absent.

Where a deed is signed by the mark of the grantor, and the attesting witness testifies that he drafted and witnessed the execution thereof in the usual course of business, that his recollection of the transaction is general, and that he cannot say whether or not the defendant asked him to attest the mortgage, or knew that he signed his name as attesting witness, there is sufficient evidence of execution to be submitted to the jury.

Where a mortgage deed describes the property conveyed as "the tract of land this day conveyed by A. to B., and by B. to me by deed of this date," and does not name the town, county or state in which the land is situated, the deeds from A. to B. and from B. to the mortgagor, which contain descriptions of the land, may be admitted in evidence, on the trial of a writ of entry to foreclose the mortgage, although said deeds were not on record when the mortgage was executed.

WRIT OF ENTRY to foreclose a mortgage held by the plaintiff's testatrix, under an assignment from one Mrs. Friel. At the trial in the Superior Court, before *Wilkinson,* J., the following facts appeared:

The mortgagor signed the mortgage and notes by making his mark. The attesting witness, an attorney at law, who drafted the mortgage, testified that he witnessed the execution of the mortgage by the mortgagor, on September 22, 1856, but that his recollection of the transaction was general; that he could not say whether the defendant asked him to attest the mortgage and notes or not; and could not say from his recollection whether or not the defendant knew that he signed his name as attesting witness, but that he made and witnessed the paper, in the usual course of business. The tenant contended that this testimony was not sufficient to prove the execution of the mortgage and notes. But the presiding judge ruled that there was sufficient evidence to go to the jury.

The tenant also objected to the plaintiff's reading the mortgage in evidence, upon the ground that it contained no description of the land, the only description being as follows: " That tract of land this day conveyed by her [the mortgagee] to Daniel Mc-Kinney, and by Daniel McKinney conveyed to me by deed of this date." These deeds were not at that time on record. The mortgage did not name the town, county or state in which the land is situated, and the tenant objected to the introduction of evidence *aliunde* to show what land was meant to be conveyed by the mortgage. But the presiding judge overruled the objection, and allowed the demandant to introduce the deed from Mrs. Friel, the mortgagee, to Daniel McKinney, and the deed from Daniel McKinney to the tenant, which deeds contained a description of the land.

The jury found a verdict for the demandant, and the tenant alleged exceptions.

*A. M. Copeland,* for the tenant.

*G. D. Robinson, pro se.*

BY THE COURT. The attestation, with the testimony of the attesting witness, was sufficient evidence of execution to be submitted to the jury. The deeds referred to in the mortgage make the description certain, and were rightly admitted in evidence.

*Exceptions overruled.*