OLIVER MOSES and another, *vs.* ALBION W. MORSE.

Sagadahoc.    Opinion February 23, 1883.

*Deed.    Evidence.    Description.*

Parol evidence is admissible to prove the contents of an unrecorded deed lost after delivery.

A deed was admitted in evidence containing this description: "A certain piece of land situated in said Phipsburg, near the east end of the old Winnegance mill-dam, and being the same land said to have been conveyed to said Reuben S. by his late father, Wm. Morse, and reserved from a farm con-

veyed to Albion W. Morse, dated July 10, 1859, and recorded," &c. &c· *Held;* That the description is definite, and contains enough to let in parol evidence to identify the premises conveyed.

ON EXCEPTIONS.

Trespass *qu. cl.*

The writ was dated May 21, 1879.

Each party claimed title to the *locus in quo.*

Plaintiffs put into the case a deed of William Morse to defendant. This deed contained the following reservation : " Except the lot deeded to Reuben S. Morse, reference to deed from me to said Reuben, bearing even date with this deed." Having proved that William executed a deed at the same time purporting to convey a tract of land to Reuben S. Morse, and having given evidence tending to prove the delivery and loss of the last named deed, unrecorded, the plaintiffs offered parol evidence of the contents of the deed. To this last evidence defendant objected, for the reason that the deed had not been recorded. The court admitted the evidence. To prove their title plaintiffs put in evidence that Reuben S. Morse had been adjudged a bankrupt; and then put into the case, among other papers not hereto material, the appointment of James D. Robinson as his assignee, and his deed to the plaintiffs. The opinion gives a copy of the description in this deed.

The presiding justice, for the purpose of the trial, instructed the jury that the deed was sufficient to convey same land, that the proceedings in bankruptcy and the assignee's sale were regular, and with the deed sufficient in law to vest the title in plaintiffs to whatever land Reuben had by William's deed.

*C. W. Larrabee,* for the plaintiffs, cited : R. S., 1840, c. 91, §26; R. S., 1871, c. 73, § 8 ; *Buck* v. *Babcock,* 36 Maine, 491 ; *Merrill* v. *Ireland,* 40 Maine, 569 ; *Lawry* v. *Williams,* 13 Maine, 281 ; 1 Greenl. Ev. § 558 ; *Page* v. *Page,* 15 Pick. 368 ; 2 Greenl. Cruise, c. 21, § 55 ; *Field* v. *Hoston,* 21 Maine, 69 ; *Moore* v. *Griffin,* 22 Maine, 354.

*W. Gilbert,* for the defendant.

There is nothing in the deed from William Morse to defendant to identify the premises conveyed to Reuben. Nor is there anything in any of the bankruptcy papers to identify and locate the premises.

The only approach to an identification is the deed of the assignee to the plaintiffs. That was of land " said " to have been conveyed, &c. Who " said "? What did they say? It is safe to assume that no conveyance was ever upheld by a description so vague, uncertain and indefinite. See *Larrabee* v. *Hodgkins*, 58 Maine, 412.

PETERS, J. If an unrecorded deed be lost after delivery, is parol evidence of its contents admissible? Is there a distinction, in this respect, between a lost deed recorded and one not recorded? We think such proof admissible. No statute prevents it. The statutes seek, in several ways, to make an unrecorded deed valid and available to those interested in or under it. It is but a rule of evidence that requires deeds to be recorded before introduced as evidence. The rule cannot require a deed not in existence to be recorded. Impossibilities are not required. The necessity of the case establishes an exception to the rule. The reason of the rule does not apply with all its force in such a case. *Valentine* v. *Piper*, 22 Pick. 85 ; *Palmer* v. *Paine*, 9 Gray, 57.

Of course, the parol evidence, to establish the loss, should be plenary.

It is contended that the immediate deed under which the plaintiffs claim title to the land in question should have been rejected for its indefiniteness and uncertainty of description. The description is this : " A certain piece of land situated in said Phipsburg, near the east end of the old Winnegance Mill Dam, and being the same land said to have been conveyed to said Reuben S. (Morse) by his late father, Wm. Morse, and reserved from a farm conveyed to Albion W. Morse (defendant), dated July 10, 1859, and recorded," &c. &c. The deed was admitted in evidence, and we think rightly.

Of course, the deed without evidence *ab extra* would prove nothing. A description in a deed rarely proves itself. The question is, whether the description is sufficient to let in parol

evidence to identify the premises. The general rule governing the question, deducible from the leading authorities, as stated by BARROWS, J., in *Cilley* v. *Childs*, 73 Maine, 133, is this: "A deed shall not be held void for uncertainty, but shall be so construed, wherever possible, as to give effect to the intention of the parties and not defeat it; and this may be done whenever the court, placing itself in the situation of the grantor at the date of the transaction, with knowledge of the surrounding circumstances and of the force and import of the words used, can ascertain his meaning and intention from the language of his conveyance thus illustrated." We refer to the discussion and citations in that case as ample authority for the admission of the deed here. Under proper instructions the jury found what premises were thereby really conveyed. *Dow* v. *Jewell*, 18 N. H. 341; *Robinson* v. *Brennan*, 115 Mass. 582.

*Exceptions overruled.*

APPLETON, C. J., BARROWS, DANFORTH, VIRGIN and SYMONDS, JJ., concurred.