JOSEPH C. PERRY *vs.* ABNER C. CLARK.

Franklin. September 20, 1892. — October 22, 1892.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Deed — Error in Description of Town — Breach of Covenant of Seisin.*

The fact that land, which is described in a deed conveying it as in a certain city, within the limits of which it had formerly been, is outside those limits and in another town, is not a breach of the covenant of seisin, if the grantor, at the time of the delivery of the deed, was seised of the land, and it can be identified by the description in the deed.

CONTRACT, for breach of the covenant of seisin in a deed of "a certain tract of land situated in Albany City, county of Albany, State of New York." Trial in the Superior Court, without a jury, before *Braley*, J., who found and ordered

judgment for the defendant, and, at the request of the parties, reported the case for the determination of this court. The material facts appear in the opinion.

*S. T. Field,* for the plaintiff.

*S. D. Conant,* for the defendant.

LATHROP, J. The only question in this case is that raised by the plaintiff's request for a ruling " that, if the defendant did not have any title or possession of the land in the city of Albany, he is liable to the plaintiff in this action." The land in question had formerly been within the limits of the city of Albany, but for many years had been outside the city limits, and in another town. The judge found as a fact that the defendant, at the time of the delivery of the deed, was seised of the land therein described, and that the land might be identified and ascertained by the description and reference in the deed. The plaintiff therefore is forced to contend that the name of a town is such an essential and material part of the description in a deed that it cannot be controlled by the language of the rest of the description. But this is too broad a contention.

The general rule on the subject is thus stated by Chief Justice Parsons, in *Worthington* v. *Hylyer,* 4 Mass. 196, 205: " It seems to be a general rule, that when the description of the estate intended to be conveyed includes several particulars, all of which are necessary to ascertain the estate to be conveyed, no estate will pass, except such as will agree to every particular of the description. Thus, if a man grant all his estate in his own occupation in the town of W., no estate can pass, except what is in his own occupation, and is also situate in that town. But if the description be sufficient to ascertain the estate intended to be conveyed, although the estate will not agree to some of the particulars in the description, yet it shall pass by the conveyance, that the intent of the parties may be effected." These remarks were undoubtedly founded on *Doddington's case,* 2 Rep. 32 *a,* where the distinction was drawn between general and particular words of grant; and it was said: " And, therefore, when the general words of the patent do not comprehend content, number, nature, quality, certain name, nor any convenient certainty of the land, but the town is the principal thing which restrains the generality of the grant, and reduces it to a cer-

tainty, it would be dangerous to extend the same out of the town comprised in the grant. . . . But it is otherwise, when any grant doth comprehend any convenient certainty, as of a manor, farm, land known by a certain name, or containing so many acres, etc., so as there may appear in the letters patent some convenient certainty of the thing which the King intended to pass."

It is not essential to the validity of a deed of land that it should name the town, county, or State in which the land is situated. It is enough to describe the land by reference to another deed in which it is described. *Robinson* v. *Brennan*, 115 Mass. 582.

Where the land is otherwise sufficiently described, the misnomer of the number of the lot may be shown to be an error. *Loomis* v. *Jackson*, 19 Johns. 449. The misnomer in a fine of the name of a parish does not render it void. *Lamb* v. *Reaston*, 1 C. Marsh. 23. So as to the misnomer of a county in a patent for land. *Stringer* v. *Young*, 3 Pet. 320.

In *Preston* v. *Robinson*, 24 Vt. 583, which was an action of trespass *quare clausum*, the plaintiff, to sustain the issue on his part, offered in evidence a deed to himself from one Atwood, dated in 1829, of seventy-six acres of lot number 137 in the town of Huntington, drawn to the right of James Ferris. Evidence was held admissible to show that, by the records of the original proprietors of Huntington, lot 137 was drawn to the right of James Ferris; and that, in 1808, this lot with others was annexed to the town of Bolton.

The cases of *King* v. *Little*, 1 Cush. 436, and *Cook* v. *Babcock*, 7 Cush. 526, relied upon by the plaintiff, are clearly distinguishable. In *King* v. *Little*, the grantor was possessed of real estate in two towns, and gave a deed of quitclaim of land in one, describing it as being the same bequeathed by his father to the children of the releasor. The will devised lands in both towns; and it was held that the description was to be confined to land in the town mentioned. In *Cook* v. *Babcock*, the question was one of boundary. The land was described as being in the town of Blandford, and as bounded "north on the line of said Blandford." This deed was given after the line of Blandford had been established by an act of the Legislature. It was held that the line so established was the northern boundary of the land conveyed; and that parol evidence was inadmissible to show

that, before the act of the Legislature, the line of Blandford was understood and reputed to be farther north than the line so established, and was defined by a line of marked trees, and that the parties to the deed understood that it was intended to convey the land to this line.

In the case at bar, inasmuch as it appears that the description in the deed is not general, but particular, and as it has been found that the land can be identified by the description and reference in the deed, we are of opinion that it cannot be said that the deed purports to convey land which does not exist, within the rule stated in *Bacon* v. *Lincoln*, 4 Cush. 210, where it is held that it is a breach of the covenant of seisin if there is no such land in existence as the deed purports to convey.

According to the terms of the report, the defendant is entitled to a judgment on the finding.                    *So ordered.*