MARY F. LYONS & another *vs.* DELIA E. ELSTON.

Suffolk.    March 19, 1912. — April 1, 1912.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DeCourcy, JJ.

*Equity Jurisdiction,* To set aside deed procured by undue influence, Plaintiff's clean hands. *Undue Influence. Equity Pleading and Practice,* Master's report, Appeal. *Words,* "Affected."

In a suit in equity by a brother and sister against their sister, to set aside a deed of real estate made by the mother of all the parties to the defendant alone, a master found that the defendant and the plaintiff sister "connived together to induce their mother to make a will in their favor to the exclusion of" the plaintiff brother, that the mother "was unduly influenced by them," and that, although of her own volition she suggested a deed instead of a will, she "was nevertheless affected" by such undue influence when she executed the deed. *Held,* that this was a finding that the execution of the deed was procured by undue influence, and that such a finding could be made in spite of the fact that the instrument adopted by the subservient mind of the mother was not the one in the dominating minds of the daughters.

Where the master to whom a suit in equity was referred was a trained lawyer of large experience, no longer living, the language of his report, when reasonably susceptible of such interpretation, should be construed so as to accomplish the end of deciding the point at issue before him.

In a suit in equity to set aside a deed of real estate made by the mother of the parties to the suit and alleged to have been procured by the undue influence of

her two daughters, the fact, that the daughters were excluded from the room during the conference between the attorney and the mother when directions for making the deed were given, is not inconsistent with a finding that the deed was procured by the undue influence of the daughters. Nor is the fact that the mother was "in full possession of all her mental faculties" inconsistent with such a finding, especially where it also is found that she was "easily influenced by such one of her children as happened to be in closest contact with her."

In a suit in equity by a brother and sister against their sister, to set aside a deed of real estate made by the mother of all the parties to the defendant alone, it was found by a master that the execution of the deed was procured by the undue influence of the defendant and the plaintiff sister for the purpose of excluding the plaintiff brother, that at the time of the execution of the deed the plaintiff sister acquiesced, believing that her interests were guarded, but that after the mother's death the defendant asserted her sole title to the property and thereupon the plaintiff sister joined with her brother in bringing the suit to set aside the deed. *Held*, that, although the plaintiff brother was entitled to a decree, the plaintiff sister did not come into court with clean hands and could not have the aid of a court of equity to relieve her from the harmful consequences of a wrong in which she participated.

Upon an appeal by the plaintiff in a suit in equity from a final decree dismissing the bill, it is open to the defendant to contend that upon the facts shown by the master's report the plaintiff is not entitled to prevail, and a defense is none the less open to the defendant because he did not appeal from an order in the final decree overruling an exception by him to the master's report based on the same defense.

BILL IN EQUITY, filed in the Superior Court on December 6, 1908, by Mary F. Lyons and Thomas F. Kelley, children of Honora Kelley, who died on November 24, 1908, to set aside a deed of certain real estate in Somerville made on September 24, 1908, by Honora Kelley to the defendant, a sister of the plaintiffs, alleged to have been procured by the undue influence of the defendant; with a prayer for further relief.

The case was referred to Stephen H. Tyng, Esquire, as master. The findings contained in his report are stated and described in the opinion. The defendant filed five exceptions, referred to in the opinion, of which the fifth was not argued and the first four were as follows:

"1. Because the master finds that prior to the making of the deed in question the deceased was unduly influenced by Delia and Mary, the respondent and one of the petitioners, 'to make a will in their favor' and that in suggesting and making the deed instead she was 'affected at said time by said undue influences.'

"2. Because, upon the facts and circumstances stated there is no evidence in the case to warrant a finding that the deceased was

unduly influenced in the suggesting and execution of the deed in question, and the master should have so found.

"3. Because upon the facts and circumstances stated the master should have found affirmatively that the deceased was not only 'in full possession of all her mental faculties' but also that in the making of said deed she was not affected by any undue influence.

"4. Because, upon the facts and circumstances stated if it be true that the deceased was unduly influenced by said Delia and Mary in the making of said deed, and that said Mary 'acquiesced therein,' as the master finds, and that said Mary accepted and retained and still retains the benefits to her under the two bills of sale made by the deceased at the time of making the deed and as a part of the same transaction, then the master should also have found that said Mary F. Lyons is estopped to deny, and cannot be heard as a party in this case as to, the validity of said deed."

The case was heard upon the defendant's exceptions to the master's report by *Hardy, J.,* who made an order sustaining the defendant's first, second and third exceptions and overruling her fourth and fifth exceptions. Later the judge made a final decree, repeating the order in regard to the defendant's exceptions and ordering that the bill be dismissed. Both of the plaintiffs appealed.

*W. R. Bigelow & E. J. Flynn,* for the plaintiffs.

*J. A. McGeough,* for the defendant.

RUGG, C. J. This is a suit in equity, in which two children of Honora Kelley, now deceased, seek to set aside her deed of real estate to the defendant, the other of her children. The master finds that the defendant and her sister, the female plaintiff, "connived together to induce their mother to make a will in their favor to the exclusion of Thomas [her son] and her grandson, and that she was unduly influenced by them, and that although she of her own volition, and with the idea of preventing trouble which might be occasioned if she left another will, suggested a deed instead, was nevertheless affected at said time by said undue influence." This finding, although not so plain as it might have been made, yet is not difficult of understanding. The mother had made at least two wills before the making of the deed. The daughters "connived together" to induce the mother to dispose of her property for their benefit, to the exclusion of their brother

and nephew. This was their end and purpose. The will was the instrumentality by which this design was to be accomplished according to their view. But the mother, although unduly influenced by them to execute their wish, yet suggested to her attorney a different way of bringing about the result to which she had been unduly influenced, by making a deed instead of a will. The finding that the mother "was unduly influenced" by her daughters can have no meaning except by reference to the deed, for she made no will at this time or later. The words "at said time" mean when the deed was executed, while a repetition of the thought of domination by the daughters is expressed by the words "affected . . . by said undue influence." "Affected" in this connection signifies acted upon, moved or changed, which are well recognized definitions and natural uses of the word. This finding indicates both the intent on the part of the daughters to exercise mastery over the mind of the mother and a yielding on her part to the power thus put forth. The master's report was made by a trained lawyer of large experience, now deceased, and his language should be construed to accomplish the end of deciding the point in issue before him, when reasonably susceptible of such interpretation, rather than to defeat the purpose of the hearing. The fact that the instrument adopted by the generally subservient mind of the mother was not the one in the minds of the daughters is of slight consequence. Their bottom purpose was the exclusion of their brother and nephew from any share in the property of their mother. The means for executing that purpose is not a primary but a wholly incidental consideration, which does not modify the main finding of the exercise of undue influence.

There are no subsidiary findings in the master's report inconsistent with the final conclusion. That the daughters were excluded from the room during the conference between the attorney and the mother when directions for making the deed were given, is not of prevailing signification. Their overruling influence might have dominated the mother's mind even in their physical absence. Nor is the fact that she was "in full possession of all her mental faculties" decisive. It also was found that she was "easily influenced by such one of her children as happened to be in closest contact with her." These two facts are not inconsistent. Although weakness of mind is often a condition for the exer-

cise of improper influence, the full possession of one's faculties does not necessarily render one immune to such influence. There may be absent that strength of character required to resist the overpowering will of another. It ought to be added that the conduct of the attorney was above criticism.

The deed was made to the defendant alone. This was known to the plaintiff Mary F. Lyons at the time it was executed, and she acquiesced, believing that her interests were being sufficiently guarded. Since the death of the mother, the defendant has asserted sole title to the property. Hence the sister Mary now joins with her brother in this proceeding to set aside the deed. It is a principle of equity that those who seek its relief must come into court with hands clean touching the transaction under inquiry. This female plaintiff, however, joined "with the defendant in the exercise of the undue influence" which caused the making of the deed. Therefore, she cannot have the aid of a court of equity to relieve her from the harmful consequences of a wrong in which she participated.

It is urged by the plaintiff Lyons that this point is not now open to the defendant, because her exception to the master's report based on this ground was overruled, and she did not appeal. In the Superior Court a decree was entered dismissing the bill, and both plaintiffs appealed. On such an appeal it was open to the defendant to argue from the facts found in the master's report that the plaintiffs or either of them were not entitled to prevail. That is the ground upon which this question is decided. That ground under these circumstances is open none the less because also made the subject of an exception, which, standing alone, could not be availed of now by the defendant. But it is open under the appeal of the plaintiffs. *French* v. *Peters*, 177 Mass. 568. *Huntress* v. *Hanley*, 195 Mass. 236, 239. *Sunter* v. *Sunter*, 204 Mass. 448, 454. *Nelson* v. *Winchell & Co.* 203 Mass. 75, 93. *Lipsky* v. *Heller*, 199 Mass. 310, 313.

It follows that the defendant's first, second and third exceptions to the master's report should have been overruled, and her fourth exception sustained. The fifth exception has not been argued, and is treated as waived. The decree should be reversed, and a new decree be entered ordering the defendant to convey to the plaintiff Thomas F. Kelley such proportion of the property con-

veyed to her by the deed of her mother as he would be entitled to as an heir at law if the mother had died intestate seised of it, and the bill should be dismissed without costs as to the plaintiff Mary F. Lyons.

*Decree reversed; new decree in accordance with this opinion.*