Susan H. Schneider *vs.* Clara M. Hayward & another, trustees.

Suffolk.  October 15, 16, 1918. — November 27, 1918.

Present: Rugg, C. J., Braley, De Courcy, Crosby, & Pierce, JJ.

*Equity Pleading and Practice*, Master's report, Appeal, Decree, Parties. *Equity Jurisdiction*, For an accounting. *Trust*, Duties of trustee. *Estoppel*. *Witness*, Cross-examination. *Evidence*, Of value.

Where a suit in equity for an accounting was referred to a master, to find and report the facts, and he filed a report, reporting no evidence, and the exceptions filed to this report were overruled by an interlocutory decree from which no appeal was taken, and where the case then was referred to a second master to state the final account, and this master filed a report, stating the account, without reporting any evidence, and one of the parties filed exceptions to his report,

which were overruled by an interlocutory decree, followed by a final decree, from both of which the same party appealed, it was *held* that the findings of fact stated in the first master's report must stand except so far as modified by subsequent and additional facts stated in the second master's report, and that, as no evidence was reported, no finding of fact in either report was open to revision and the only questions open were those raised by the exceptions to the second master's report and those arising on appeal from the final decree, namely, whether the decree was within the scope of the bill and was warranted by the facts found by the two masters.

Where in a suit in equity against trustees holding property for the benefit of three beneficiaries, one of whom was one of the trustees, for an accounting, it appeared that the defendant who was both a trustee and a beneficiary misappropriated certain articles of personal property belonging to the trust, but afterwards delivered some of these articles to the other two beneficiaries, it was *held* that the acceptance by the other two beneficiaries of the articles delivered to them was simply the receipt by them of partial distributions on account from the delinquent trustee, who happened also to be their co-beneficiary, and did not estop the two beneficiaries who had received these articles from requiring that defendant to account for a further large amount of like property misappropriated by her.

In the case above described it was *held* that it was within the discretionary power of the trial judge, upon the cross-examination of one of the three beneficiaries by the misappropriating defendant, to refuse to permit the witness to be asked how the articles set off to her and to the plaintiff compared in value with those received by the defendant, this being a collateral matter.

The cost of a chattel often is competent evidence of its value, where there is nothing to indicate that the time of purchase was too remote for the evidence to be of assistance in determining the value.

In a suit in equity against trustees for an accounting, where it has been shown that one of the defendants, who also was a beneficiary, without justification removed to another State certain articles of personal property belonging to the trust and thus practically deprived the other beneficiaries of the opportunity of having the articles examined and appraised by experts, such defendant cannot complain rightly of the evidence of the value of the misappropriated articles to which the parties interested have been compelled to resort by the obstacles to a proper valuation of the articles voluntarily created by that defendant.

In the suit above described, where only one of the defendant trustees had appealed from the final decree, the court declined to grant a request made at the argument before this court by the counsel for the other trustees, that the decree be modified in their favor, they not being parties to the proceeding in this court and the aspect of the case affecting them not having been presented.

BILL IN EQUITY, filed in the Supreme Judicial Court on December 18, 1914, and a supplemental bill filed in the same court on December 10, 1915, by one of the beneficiaries of a trust created by a deed dated December 28, 1911, executed by the plaintiff's father, William E. Hayward, late of Brookline, who died on August 5, 1914, and further defined by an agreement of trust dated December 12, 1912, against the trustees under the

deed, one of whom was Clara M. Hayward, the widow of the settlor, for an accounting.

The proceedings in the case, including the reports of two masters, are described in the opinion. The exceptions to the report of the second master were argued before *Carroll*, J., who made an interlocutory decree overruling all the exceptions and ordering that the report be confirmed. The defendant Clara M. Hayward appealed.

Later by order of the same single justice a final decree was entered, which contained the following orders:

"1. That the final account of the defendants Clara M. Hayward and Charles E. Myers as trustees under the deed of trust referred to in the bill of complaint be established. . . .

"2. That said Clara M. Hayward and Charles E. Myers convey by good and sufficient deeds to the plaintiff Susan H. Schneider, to the defendant Evadne H. Hibben and to said Clara M. Hayward, each, one undivided third interest in the Wisconsin mineral rights referred to in the respective masters' reports herein.

"3. That said Clara M. Hayward and Charles E. Myers convey by a good and sufficient deed to said Evadne H. Hibben the tract of land in Oklahoma referred to in said masters' reports.

"4. That said Clara M. Hayward pay to said Susan H. Schneider the sum of $10,409.86 (being the sum of $9,706.18 with interest thereon from February 17, 1917, and, together with the undivided third of the Wisconsin mineral rights above mentioned, constituting the distributive share of said Susan H. Schneider in the trust estate not yet distributed), and that execution issue for said sum.

"5. That said Clara M. Hayward pay to said Evadne H. Hibben the sum of $8,722.12 (being the sum of $8,044.61 with interest thereon and on the further sum of $1,300 from February 17, 1917, and, together with the undivided third of the Wisconsin mineral rights and the Oklahoma land above mentioned, constituting the distributive share of said Evadne H. Hibben in the trust estate not yet distributed), and that execution issue for said sum."

The defendant Clara M. Hayward appealed. The points raised by her exceptions to the second master's report are stated in the opinion.

*C. E. Springstun* (of Illinois), for the defendant Hayward, submitted a brief.

*W. H. Irish*, for the defendant Myers, did not submit a separate brief.

*F. N. Nay*, for the plaintiff.

*H. S. Davis*, for the defendant Hibben, of like interest with the plaintiff.

RUGG, C. J.   This suit in equity is brought by one of three beneficiaries under a deed of trust executed by William E. Hayward, against the trustees, to compel an accounting and a settlement of the trust.   It was referred to a master on the original and supplementary bills and answers under a rule which required him to find and report the facts.   No evidence was reported.   Although exceptions were taken, these were overruled by an interlocutory decree from which no appeal was taken.   The case was sent to another master "to state the final account" of the trustees and "to find and report all sums with which" the trustees "are jointly and severally chargeable agreeably to the report" of the former master.   The report under this rule stated the account and several exceptions taken by the appealing trustee, but the evidence was not reported.   An interlocutory decree was entered overruling these exceptions and confirming the report.   From this and from the final decree Clara M. Hayward, the widow of the settlor, who is also one of the three beneficiaries under the deed and one of the trustees, alone appealed.

The findings of fact as stated in the first master's report must stand except and in so far as modified by subsequent and additional facts found in the second master's report.   No finding of fact in either report is open to revision since no evidence is reported. The only questions open are those raised by exceptions to the second master's report and those arising on appeal from the final decree.   But these latter are confined to the points whether the decree is within the scope of the bill and warranted by the facts found in the two reports.   *Eddy* v. *Fogg*, 192 Mass. 543.   *Lyons* v. *Elston*, 211 Mass. 478, 482.

One of the controversies between the parties related to valuable furniture, rugs, draperies, books, works of art and similar articles, which formed a part of the trust.   The first master's report established without qualification that Clara M. Hayward, the

appealing trustee, hereafter called the defendant, had misappropriated and taken out of the Commonwealth at some time between the spring of 1914 and February, 1916, considerable amounts of this property. Comparatively small portions of it remained in a storage warehouse in or near Boston. The second master's report states that on February 18, 1916, after the hearings before the first master, certain of these remaining goods were set off to the other two beneficiaries at stated valuations agreed to by all parties. The first master's report was filed in June following. There is nothing in the contention that this partial distribution by the defendant to two of the beneficiaries abrogates the findings of fact in the first report or renders it a nullity. This particular matter was simply a taking by two of the beneficiaries of partial payments on account from a delinquent trustee who happened also to be a co-beneficiary under the trust. It has not the slightest effect upon the other findings in that report. They justly form in part the basis for the final decree. The first master's report did not undertake to state the account of the trustees. That is wholly covered by the second report, where these two items of partial distribution are properly credited and charged. The contention that the acceptance of this partial distribution of furniture and similar property by the other two beneficiaries estops them from requiring the defendant as trustee to account for the large amount of like property misappropriated by her, is without foundation. It is too plain for discussion that a trustee in default must account for the trust estate.

There is no ground whatever for the suggestion that the second master used a different standard, in ascertaining the value of the goods wrongfully taken from the trust by the defendant, from that used in fixing the value of the furniture and like property distributed to the other two beneficiaries. The master had nothing to do with fixing that value, because it was agreed to by all parties in interest. He merely accepted that agreement as he found it. He performed his duty of ascertaining the value of that for which the defendant was accountable.

The master rightly refused in his discretion to permit one of the beneficiaries to be asked on cross-examination how the goods set off to her and the plaintiff compared in value with those received by the defendant. *Lawton* v. *Chase*, 108 Mass. 238. This was a collateral matter.

No error is shown in the admission of evidence as to the cost of the goods for which the defendant must account. Cost is often pertinent in ascertaining present value. *Wall* v. *Platt*, 169 Mass. 398, 407. There is nothing to indicate that it was too remote in time to be of assistance. Moreover, the defendant had removed the goods from the Commonwealth without justification and thus practically deprived the parties of having them examined by experts or by the master. Obstacles voluntarily created by the defendant greatly complicated the determination of their value. She cannot rightly complain of any evidence disclosed on this record. All the questions argued by the defendant have been considered. Other exceptions require no discussion. There is no error.

Counsel for the other trustee at the argument before this court asked that the decree be modified to the extent of issuing execution in his or their favor for the payment of the amount found due in the master's report either against the trustees or against a deposit in a trust company. That ought not to be done at this stage against the objection of the beneficiaries. Without enumerating other reasons, it is enough to say that such counsel are not parties to this proceeding and the case upon this aspect has not been tried.

*Decree affirmed, with costs of this appeal to be taxed against Clara M. Hayward personally.*