## Maria S. Larsen *vs.* Josephine C. Dillenschneider.

Middlesex. January 12, 1920. — February 25, 1920.

Present: Rugg, C. J., Braley, De Courcy, Carroll, & Jenney, JJ.

*Land Court,* Appeal. *Tax,* Validity of tax sale.

Upon an appeal from a decree of the Land Court, entered upon findings in a master's report to which there were no objections or exceptions, the only question open is, whether the decree is warranted by the pleadings and the facts found by the master.

A description of land in a certain city in an assessment of it for taxes, in an advertisement of it for sale for unpaid taxes and in a deed of it to the purchaser at the sale is sufficiently definite and accurate if it is by reference to a lot by number on a certain plan recorded in the office of the assessors of taxes but not in the registry of deeds.

Petition, filed in the Land Court on January 2, 1919, for the registration of the title to certain land on Clifton Street in Cambridge.

In the Land Court the case was referred to a master. In his report he stated: "The only doubtful thing about the validity of these [tax] titles [of 1908 and 1909] . . . is the descriptions in the . . . deeds." There were no objections or exceptions to his report. The report was confirmed and a decree registering the title in the petitioner was entered by order of *Davis,* J. The respondent appealed.

*J. C. Dillenschneider, pro se.*

*P. J. Nelligan,* for the petitioner, submitted the case without argument or brief.

Rugg, C. J. This is an appeal from a decision of the Land Court. The proceeding is for the registration of the title to a parcel of land in Cambridge. There was reference to a master. No evidence is reported and no exceptions were taken to the master's report. The hearing before the judge of the Land Court was on the master's report. The facts found by the master must be accepted as true. The only question open is whether a decree for the plaintiff is warranted by the pleadings and master's report. *Lyons* v. *Elston,* 211 Mass. 478, 482. *Harrigan* v. *Dodge,* 216 Mass. 461. *Schneider* v. *Hayward,* 231 Mass. 352. Other questions, argued

orally and upon the brief of the respondent, cannot be considered because they are not before us.

It appears from the record that the locus in question was devised to the respondent in 1895. Between 1900 and 1905 it was sold five times for taxes. In 1905 it was sold at execution sale. The petitioner claims under tax sales for the years 1908 and 1909. The only question of law presented relates to the description in the assessment, advertisement and deeds for these two years. That description was in these words and figures: "South side of Harvey Street, a parcel of land with the buildings thereon being lot No. 7 on Block Plan No. 269 dated April, 1897, in the office of the assessors of the City of Cambridge, and containing 4810 square feet." No metes and bounds were given and there was no reference to any other plan. The plan designated was not on record in the registry of deeds.

"Now it is a well settled rule of construction, that where a plan is referred to in a deed, as containing a description of an estate, the courses, distances and other particulars, appearing upon the plan, are to be as much regarded, in ascertaining the true description of the estate, and the intent of the parties in making it, as if they had been expressly recited and enumerated in the deed." *Morgan* v. *Moore*, 3 Gray, 319, 321, 322. *Fox* v. *Union Sugar Refinery*, 109 Mass. 292, 296. Manifestly a reference in a deed, assessment or advertisement to a lot by number on a plan recorded in the registry of deeds would be a sufficient description. It has been held that reference to instruments or plans not then but later recorded were sufficient for descriptive purposes in a deed. *Robinson* v. *Brennan*, 115 Mass. 582. *Blaney* v. *Rice*, 20 Pick. 62. References in deeds to plans apparently never made matter of record have been held incorporated into the deeds and binding upon the parties. *Lunt* v. *Holland*, 14 Mass. 149. *Magoun* v. *Lapham*, 21 Pick. 135.

An assessor's plan, which shows the particular lot in connection with all neighboring lands, affords a definite and accurate description. It is easily found. It is open to public inspection at reasonable times under rational limitations. R. L. c. 35, § 17. As a practical matter it affords quite as certain and accessible information to anybody in interest as does a plan in the registry of deeds. Reference to such a plan reaches the main end sought by

advertisement in tax sales, which is to enable the owner and prospective bidders to locate the land to be sold with substantial certainty. *Conners* v. *Lowell,* 209 Mass. 111, 120. *Williams* v. *Bowers,* 197 Mass. 565. *Bemis* v. *Caldwell,* 143 Mass. 299.

*Decision affirmed.*