## DAVIS v. ROBEDEAUX et ux.

No. 11827—Opinion Filed Jan. 22, 1924.

### 1. Indians—Title to Allotment—Issuance of Patent.

A patent issued to an Indian allottee under the general allotment statute of act of Congress of 1887, passes the title to the allottee without delivery of same.

### 2. Quieting Title—Parties Plaintiff—Grantor After Second Conveyance.

Under section 209, Comp. Stat. 1921, a vendor who has sold and conveyed title in real estate to one person and thereafter sells and executes conveyances of the same real estate to another person cannot, subsequently to such second conveyance and where same is in force, maintain an action to cancel conveyance to the first person and quiet the title in himself.

### 3. Action—Waiver of Right to Sue for Land—Effect on Right of Subsequent Creditors and Purchasers.

Where a party has waived, or omitted to exercise the right to institute proceedings to recover lands of which he has been defrauded, such right does not inure to the benefit of subsequent creditors or purchasers.

### 4. Dismissal — Voluntary Dismissal—Payment of Costs.

Where plaintiff dismisses his suit, under section 665, Comp. Stat. 1921, he must pay the costs to render the dismissal effective, and where the act of dismissal is drawn into question, to sustain the dismissal it must appear from the record no costs were due, or that the same were paid: provided, in all cases the court has inherent power for good cause to correct its records during term time or at subsequent terms for fraud or mistake and before rights of innocent third parties obtain.

### 5. Insufficiency of Evidence.

Evidence in this cause examined, and held not sufficient to sustain the judgment of the court.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Noble County: J. W. Bird, Judge.

Action by Joseph Robedeaux and others against Baxter Davis. Judgment for plaintiffs, and defendant appeals. Reversed and judgment rendered.

H. A. Johnson and W. M. Bowles, for plaintiff in error.

F. C. Duvall and L. A. Maris, for defendants in error.

Opinion by THREADGILL, C. In the trial court plaintiff in error was defendant and the defendants in error were plaintiffs, and the parties will be referred to in this opinion as they were there. The facts in the case were substantially as follows: On or about December 19, 1917, the plaintiffs brought suit against the defendant on the ground of fraud to cancel a deed executed by Joseph Robedeaux and Lucy Robedeaux, his wife, to the defendant, bearing date October 25, 1917, the consideration being $2,-100, and the land described in the deed, S. E. ¼ of section 30, T. 23 N., R. 2 E., situated in Noble county, Okla. The petition alleged that Joseph Robedeaux was the allottee of this land and was an educated Indian of the Otoe Tribe of Missouri Indians; that at the time he and his wife signed the deed they thought or understood that they were signing a mortgage to secure a loan of $200; that a patent to this land was issued to the allottee by the United States government at Washington, D. C., September 15, 1917, and was delivered to him November 27, 1917. On November 27, 1917, after the delivery of the patent to the allottee, the said allottee, joined by his wife, for a consideration of $2,600 deeded the said land to the plaintiff George L. Miller; that the money was placed with George A. Hoye, superintendent and special disbursing agent for the Indians, for the use and benefit of the allottee, to be delivered to him after the determination of the lawsuit.

At the time Miller obtained his deed he knew that the defendant had a deed on record to this land. On January 16, 1918, and before any plea or answer by the defendant, the plaintiffs Joseph Robedeaux and Lucy Robedeaux filed their dismissal in which they state they dismiss their cause of action for the reason there was no fraud in the transaction by which they sold the defendant the land in controversy and conveyed same to him by warranty deed, and they disclaim any interest in the controversy. and this dismissal was verified by Joseph Robedeaux.

On January 29, 1918, the defendant filed his answer to the petition, which consisted of a general denial, and pleading that he obtained the deed complained of for a valuable consideration, and denied any fraud or misrepresentation as alleged in the petition, and further stated that if the plaintiff George L. Miller obtained a deed to said land it was with full knowledge that the defendant owned the land and had a deed to it on record. On March 16, 1918, the defendant filed a demurrer to the petition as to the claims of George L. Miller, which it appears was never acted upon by the court. On March 26, 1919, the defendant filed another answer in the case, consisting of a general denial, and pleading his deed from Robedeaux in good faith and for a valuable consideration, and denying the fraud and misrepresentation claimed against him

by the plaintiffs, and denying that the deed given by the Robedeauxs to Miller was for a valuable consideration and without notice of his rights, and pleading, further, that the plaintiffs Joseph Robedeaux and Lucy Robedeaux had dismissed their cause of action, which is a bar to the further prosecution of the action by the plaintiff George L. Miller.

On April 23, 1919, the plaintiffs filed a reply to the defendant's answer, consisting of a general denial. On November 3, 1919, the plaintiff Joseph Robedeaux, with Lucy Robedeaux, filed a withdrawal of the dismissal they had theretofore filed in the case. Withdrawal was permitted to be filed with the court and the dismissal was allowed to be withdrawn. The case was tried to the court on November 3, 1919, and resulted in a judgment in favor of the plaintiffs Joseph Robedeaux and Lucy Robedeaux, canceling the deed as asked by the plaintiffs, and giving the defendant a judgment against the Robedeaux plaintiffs in the sum of $1,800, and the same fixed as a prior lien upon the land in controversy. The defendant appealed, asking that the judgment be set aside, and for a new trial and general equitable relief.

1. It was a question in the trial of the case as to whether or not title passed to the land after issuance of patent and before delivery of same to allottee, and the defendant contended that title passed to the allottee upon issuance of the patent, and the restrictions on alienation being removed, the allottee could sell and convey title to the same before the patent was delivered to him, and urges this proposition in his brief, citing United States v. Schurzy (U. S.) 26 L. Ed. 167; Marbury v. Madison, 1 Cranch, 137; Otto Manson v. S. J. Simonson (U. S.) 58 L. Ed. 260; and Act of 1887, authorizing allotments of land in cases such as the one under consideration.

The plaintiffs, in their brief, concede the point, and we give it our approval without discussion.

2. The defendant contends that, since the Robedeauxs deeded the land to defendant and afterward deeded it to Miller, he could not maintain suit to cancel the deed and quiet title, for the reason he has no interest in the subject-matter of the action, citing section 209, Comp. Stat. 1921: "Every action must be prosecuted in the name of the real party in interest." And 22 Cyc. p. 1332: "One who has sold and actually conveyed title cannot subsequently to such conveyance, maintain a bill to quiet the title in himself."

The plaintiffs (defendants in error) do not agree with the defendant's contention on this point, but they fail to cite any authority to the contrary, and according to their theory of the case we cannot see where Robedeaux and his wife were necessary parties to the action. It is conceded that he does not claim any interest in the land against Miller, and Miller claims that he bought the land knowing that Davis had a deed on record, and understanding the nature of the fraud claimed by Robedeaux, procuring said deed, and since the plaintiffs cite no authority contrary to the authorities cied by the defendant or in explanation or construction of these authorities in their favor, and the same appear reasonably to support the contention of the defendant, this court will hold that Robedeaux and his wife were not necessary parties to the action and could not maintain it for the purpose of canceling the deed and quieting title in their favor.

3. Defendant further contends that, since the deed to him was regular upon the record and subject to attack for fraud extraneous to the record, the plaintiff Miller, having notice of the defendant's deed at the time he obtained his deed from the grantor and having actual notice of all the fraud claimed by the grantor against Davis, could not maintain an action to cancel Davis' deed and quiet title in himself. This is on the theory that an action based upon fraud is a personal right and cannot be assigned to another, citing the following cases: Gray v. Ulrich, 8 Kan. 112; Carithers v. Weaver, 7 Kan. 110; Cochran Timber Co. v. Fisher (Mich.) 157 N. W. 282, 4 A. L. R. 9; Graham et al. v. La Crosse et al. (U. S.) 26 L. Ed. 106.

Counsel for plaintiffs in answering this contention urge that the plaintiff Miller has the same right to maintain the action as the plaintiff grantor, and cite in support of their contention the following cases: Prince v. Du-Puy, 162 Ill. 417, 45 N. E. 298; Paine et al. v. Baker, 15 R. I. 100, 23 Atl. 141; Breckenridge's Heirs v. Ormsby, 1st J. J. Marshall (Ky.) 236, and Jackson v. Burchin, 14 Johns. (Ky.) 127; and 9 C. J. 1224, quoting syllabus in Choteau v. Jones, 11 Ill. 300.

There is certainly a conflict of authorities on this point, especially in the Kansas and Michigan courts on one side, and the Illinois and Kentucky courts on the other side.

Justice Bradley, speaking for the United States Supreme Court in Graham et al. v. La Crosse et al., supra, lays down the following general rule:

"A deed obtained from the grantor, through fraudulent representations made by the grantee is not void, but voidable only, at the elec-

tion of the grantor and that the conveyance of same land by the grantor to another person, is not the exercise of such election, and does not avoid the former deed, that in order to avoid such former deed some proceeding must be had by the grantor to which the grantee is a party, and that a subsequent purchaser from the grantor cannot set up the alleged fraud of the first grantee to defeat his title, the court holding that the right of vendor to avoid a sale or deed on the ground of fraud practiced by the vendee is not a right or interest capable of sale or transfer, so as to enable a subsequent vendee of such right for such cause, to attack the title of the first vendee; that it is a mere personal right, incapable of sale or transfer."

The same principle is stated in fifth paragraph of the syllabus in case of Pluto Oil & Gas Co. et al. v. Miller, 95 Okla. 222, 219 Pac. 303, in a recent opinion of this court by Justice McNeill.

We have examined the above authorities, and many cases in them cited, and the facts upon which they are based, and we believe the weight of authority is with the defendant's contention in the case at bar. We think in a case where the second vendee has existing rights which are prejudiced by the fraud of the first vendee, practiced on the common vendor, a court of equity will protect his rights against such fraud, whether as plaintiff or defendant, but where the second vendee had no interest or rights infringed on by the transaction between the first vendee and the vendor, and where he knew at the time he obtained his deed that the first vendee had a deed on record for the same land and was claiming ownership, and knew that he was buying a lawsuit he cannot claim to be an innocent purchaser without notice and has no standing in a court of equity to plead fraud against the first vendee.

4. Defendant further complains that the action of the court in allowing the plaintiffs Robedeaux to reinstate their cause after they had dismissed it out of term time and after one or two terms of court had passed was erroneous. Citing section 665, Comp. Stat. 1921, 14 Cyc, page 422, and Mullen t al. v. Noah, 64 Okla. 185, 166 Pac. 742. This question has been before this court numerous times since statehood and is not a new question to be determined. Suffice it to say under the facts in the instant case, since it does not appear from the record that the statute was complied with in the matter of paying the costs, it was not error to allow the cause reinstated or ignore the dis-

missal for lack of this showing. It is not enough to file a declaration of dismissal, whether verified or not, but the costs must be paid, and where the fact of the dismissal is drawn into question there must be an affirmative showing that the costs were paid, however, it must be borne in mind that the court has inherent power to correct its records in the matter of dismissal for good cause shown during the term of hearing and disposing of the same and at any subsequent term for fraud or mistake and before the rights of third party have obtained.

5. The defendant further contends that "the judgment of the court is contrary to the evidence."

We have examined this entire voluminous record to determine what the evidence discloses and we fail to find the fraud claimed by the plaintiffs. They allege that the Indians were educated Indians but easily influenced by their friends. In this they do not differ from the majority of mankind and the proof shows the defendant was an acquaintance and friend of many years, and the transactions between the parties were open and above board—in writing and of record—and nothing hidden or misrepresented. The record does not show the defendant to have been a very strong example of morality but does not show that he took undue and fraudulent advantage of the Indian. The cause of the whole trouble lies in the fact that the plaintiff Miller wanted the land, which was in the midst of his pastures, and after the Indians had sold and conveyed it to the defendant for a new $1,100 automobile and other consideration in cash making the full sum of $2,100, Miller gets busy with the same Indians as well as the Indian agency and offers $2,600 in cash, which he deposits with the agency and which the agency received to be delivered to the Indians as soon as they could get rid of the deed and transaction with the defendant, and then the Indian sees where he can get more for his land than he sold it for to the defendant, and his testimony is thereby naturally colored in his own interest, and yet he admits he sold the land to the defendant for the automobile and the $1,000.

Viewing the whole record as we do and weighing the testimony as is our duty to do, we think the judgment of the court was erroneous and the judgment should be rendered for the defendant, and we do hereby so recommend.

By the Court: It is so ordered.