## ILLINOIS-OKLAHOMA PETROLEUM CORP. v. TETER.

No. 20458. Opinion Filed Nov. 10, 1931.

74

W. C. Lewis and Leon S. Hirsh, for plaintiff in error.

Womack, Brown & Cund, for defendant in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Stephens county in favor of the defendant in error, who was the defendant in that court.

The parties hereinafter will be referred to as they appeared in the trial court. The petition of the plaintiff alleged ownership in a certain oil and gas mining lease, hereinafter referred to as the "Brown" lease. It further alleged that the defendant claimed some right, title, and interest in and to that lease by virtue of an assignment thereof from V. A. Kedney, the sole trustee for the Ka-Wye Petroleum Company, a statutory trust, and that the assignment thereof to the defendant was void for reasons therein set forth. The allegations inconsistent with the ownership of the defendant were denied by the defendant. The trial court rendered judgment in favor of the defendant, and the plaintiff appealed to this court.

The record discloses that V. A. Kedney was the sole trustee for the Ka-Wye Petroleum Company and for the Ka-Wye Drilling Company, two statutory trusts operating in Stephens county. The Ka-Wye Petroleum Company owned a fractional interest in the "Brown" lease. That company was in need of funds with which to develop the lease. It was indebted to the First National Bank of Duncan and that bank refused to make an additional loan. The defendant was a stockholder, director, and vice president of that bank. V. A. Kedney, acting for the Ka-Wye Petroleum Company, agreed to give the defendant an assignment of a one-twentieth interest in the "Brown" lease, if the defendant would assist in securing a loan for the further development of the "Brown" lease. Pursuant to that agreement, the defendant, V. A. Kedney, went to Oklahoma City, and through the assistance of the defendant a loan was procured from the First National Bank of Oklahoma City through J. W. Teter, a vice president of that bank. The defendant was not connected in any manner with the First National Bank of Oklahoma City. The Ka-Wye Petroleum Company, through V. A. Kedney, assigned to the defendant an undivided one-twentieth interest in the "Brown" lease on May 27, 1925, and the assignment thereof was promptly recorded. In August, 1925, the plaintiff corporation was organized. Its stockholders were unitholders of the Ka-Wye Petroleum Company and the Ka-Wye Drilling Company. Thereafter the plaintiff assumed the indebtedness of the Ka-Wye Petroleum Company and the property of the Ka-Wye Petroleum Company was transferred to it.

In this action it is asserted that the assignment of the interest in the lease to the defendant was void as having been made in pursuance of a conspiracy to violate the laws of the United States. The plaintiff presents two assignments of error which are argued under one proposition, as follows:

"That a banker shall not be permitted to receive and retain personal remuneration for transactions with a bank customer wherein he uses his position with the bank to enable him to demand such remuneration."

If this action were being prosecuted by the Ka-Wye Petroleum Company, that statement might be applicable, but the Ka-Wye Petroleum Company is not a party to this action. The plaintiff says:

"Where a trustee unlawfully transfers trust property to another in pursuance of an unlawful transaction in which the assignee knowingly participates, the cestui que trust or persons in privity with them may recover same and its accumulated profits from such male fide assignee as the trustee of a constructive trust."

That is a correct principle of law, but no trustee of the plaintiff made any transfer of trust property and the plaintiff is not in privity with the cestui que trust. For those reasons, that rule of law has no application to the facts in this case. Though the transaction between the Ka-Wye Petroleum Company and the defendant was fraudulent and though it should be set aside on the grounds of public policy, it may not be set aside in an action by this plaintiff until such time as this plaintiff proves a right in itself to have the conveyance set aside. The plaintiff alleged ownership of the "Brown" lease, but there is no proof in this record of ownership of the "Brown" lease by the plaintiff. The Ka-Wye Petroleum Company did not own the "Brown" lease. It owned only a fractional interest therein. At the time the Ka-Wye Petroleum Company made the assignment to the plaintiff, it assigned only the interest of the Ka-Wye Petroleum Company in the lease. At that time the defendant's assignment of an interest in the lease was of record and had been of record for a number of months. If the Ka-Wye Petroleum Company was defrauded by the defendant, its right of action against the defendant did not pass by general assignment of an oil and gas mining lease to this plaintiff.

In the case of Pluto Oil & Gas Co. v. Miller, 95 Okla. 222, 219 P. 303, the question of the transfer of personal rights in the conveyance of real estate was before this court. This court held:

"Where a party has waived, or omitted to exercise, the right to institute proceedings to recover lands of which he has been defrauded, such right does not inure to the benefit of subsequent creditors or purchasers."

To the same effect is Davis v. Robedeaux, 97 Okla. 86, 222 P. 990, in which this court quoted with approval from the case of Graham v. La Crosse & M. R. Co., 26 L. Ed. (U. S.) 106, as follows:

" * * * and that a subsequent purchaser from the grantor cannot set up the alleged fraud of the first grantee to defeat his title, the court holding that the right of vendor to avoid a sale or deed on the ground of fraud practiced by the vendee is not a right or interest capable of sale and transfer, so as to enable a subsequent vendee of such right for such cause, to attack the title of the first vendee; that it is a mere personal right, incapable of sale or transfer."

We quote from 9 Corpus Juris, 224, sec. 125, as follows:

"The assignee of a purchase money mortgage, void on account of defective execution, does not, by virtue of such assignment, succeed to the grantor's right to avoid the sale for failure of consideration. So it has been held that the right to quiet title against a lease, on the ground of duress, is personal, and does not pass to the lessor's grantee. An action for the annulment of a contract can be maintained only by one who is bound, either principally or subsidiary, by the contract."

If V. A. Kedney, as trustee, or the Ka-Wye Petroleum Company, a statutory trust, had a cause of action against this defendant to recover that portion of the lease assigned to him, it was such a right as could be waived, and, if not exercised, would be waived. That right, if any, was not exercised by either V. A. Kedney, trustee, or the Ka-Wye Petroleum Company. The plaintiff seeks to exercise that right. Before it may do so, it must show that it has the right.

The fact that this corporation was organized and that some of its stockholders were unit holders in the Ka-Wye Petroleum Company does not give the plaintiff any of the rights of the Ka-Wye Petroleum Company or V. A. Kedney, trustee, that were not conveyed to it by them. The rule is stated in 14 Corpus Juris, 305, as follows:

"Where a partnership or other voluntary association is incorporated, there is no legal identity between the corporation and the pre-existing association, even though the name and the members are the same, and in such a case the general rule that a corporation is not bound by nor entitled to the benefit of a contract made by its promotors, unless it especially or impliedly ratifies or adopts the same, applies."

If this action were being prosecuted by a cestui que trust, we would have a different situation presented, but the plaintiff in this action is not a cestui que trust, and there is nothing in this record to show the assignment by a cestui que trust to this plaintiff of any right to maintain this action.

We are not herein concerned with whether or not V. A. Kedney or the Ka-Wye Petroleum Company defrauded the plaintiff. There is nothing in this record to show that the defendant defrauded this plaintiff. There is nothing in this record to show that V. A. Kedney or the Ka-Wye Petroleum Company conveyed to the plaintiff the right to vacate the conveyance of the Ka-Wye Petroleum Company to this defendant on the ground of fraud. There is nothing in this record to show that the right of V. A. Kedney or the Ka-Wye Petroleum Company inured to the benefit of the plaintiff.

In view of the fact that serious charges of fraud are made in the briefs in this case, we desire to state that an examination of this record discloses no proof in support thereof.

"In an equitable action the findings of the trial court should be sustained unless it appears that his findings are clearly against the weight of the evidence. The findings of the trial court should be strongly persuasive, and should not be set aside unless this court can say in equity and in good faith that the conclusion reached by the trial court is clearly against the weight of the evidence." Baldridge v. Zigler, 103 Okla. 219, 229 P. 831.

We find no reversible error in the record, and the judgment of the trial court is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, and KORNEGAY, JJ., concur. HEFNER and McNEILL, JJ., absent.

Note.—See under (4) 2 R. C. L. 202, 203; R. C. L. Perm. Supp. p. 377; R. C. L. Pocket Part, title "Appeal," § 172.