BOOTH et al. v. GREER INV. CO. et al.
No. 663.

District Court, N. D. Oklahoma.
July 5, 1934.

Poe, Lundy & Morgan, of Tulsa, Okl., for claimant.

A. F. Moss and H. R. Young, both of Tulsa, Okl., for receiver and trustees.

FRANKLIN E. KENNAMER, District Judge.

The trustees of the Petroleum Royalties Company, a trust estate, conveyed all its assets to the Petroleum Royalties Company of Oklahoma, a Delaware corporation, and thereafter many of the shareholders in the trust exchanged their stock for the stock of the corporation. The transfer of the assets was set aside and restoration made to the trust estate. See Booth v. Greer Investment Co. (D. C.) 52 F.(2d) 857, affirmed (C. C. A.) 62 F.(2d) 321.

To carry out the terms of the final decree, Hon. Paxton Howard was appointed special master to hear and determine the claims of those stockholders in the corporation who desired to rescind their transfer of trust shares for corporate shares and be restored to their status as shareholders in the trust estate. Consolidated American Royalty Corporation filed such a claim, was denied relief by the special master, and has filed exceptions to his report.

The Consolidated American Royalty Company owned no shares in the trust estate. From May to December, 1931 (after this suit was commenced), it acquired shares of stock in the corporation from stockholders who had exchanged for it their stock in the trust estate. All transfers to claimant were made on the books of the Petroleum Royalties Company of Oklahoma in October and November, 1932.

I am urged that the principal action was brought as a class suit in behalf of the trust and for the benefit of all shareholders in the trust, and all parties interested therein, and that in such an action one shareholder can have no priority or preference over the other shareholders in the recovery had. It has been many times so held. Hayden v. Perfection Cooler Co., 227 Mass. 589, 116 N. E. 871; In re Dennett (C. C. A. 9) 221 F. 350; Zinn v. Baxter, 65 Ohio St. 341, 62 N. E. 327; Landes v. Sea Isle City Hotel Co., 53 N. J. Eq. 654, 33 A. 964; Dewing v. Perdicaries, 96 U. S.

193, 24 L. Ed. 654; Beaudette v. Graham, 267 Mass. 7, 165 N. E. 671; Hlawati v. Meader-Hlawati Co., 289 Pa. 233, 137 A. 235; Cantor v. Sachs, 18 Del. Ch. 359, 162 A. 73; Thompson on Corporations (3rd Ed.) §§ 4571, 4640. And see De Neufville v. New York & N. R. Co. (C. C. A. 2) 81 F. 10; Spring v. Webb (D. C.) 227 F. 481. The recovery of assets as a result of the principal action inures to the benefit of the trust estate, and so indirectly to all its shareholders, without priority of one over the other.

But that does not decide the controversy now before the court. Claimant is not a shareholder in the trust estate. It owns shares in the Petroleum Royalties Company of Oklahoma, and requires the aid of this court to become a holder of trust shares. Its right to that assistance was not determined in the principal action. The same relief here sought by claimant has been granted other shareholders in the corporation, but only upon proof that they were entitled to rescind. The right to such rescission must necessarily depend upon the particular situation of each individual seeking it. The relief sought by claimant is ancillary or incidental to the relief sought by the plaintiffs in the principal action and is not unlike a dependent bill, the nature and function of which are familiar to every practitioner.

Under all the circumstances, is claimant entitled to relief in a court of equity?

It has been decided as to certain of the plaintiffs that their exchange of trust shares for corporate shares was induced by fraud and that they were entitled to rescission. This ground of relief is not available to claimant. It is a transferee of the holders of trust shares who have made no claim for rescission. A right of action for fraud is personal to the victim of the fraud and does not pass to his assignee. Graham v. La Crosse & Milwaukee R. Co., 102 U. S. 154, 26 L. Ed. 106; Traer v. Clews, 115 U. S. 539, 6 S. Ct. 155, 29 L. Ed. 467; Puffer v. Welch, 144 Wis. 506, 129 N. W. 525, Ann. Cas. 1912A, 1120; Fuller v. Bilz, 161 Mich. 589, 126 N. W. 712; Lawrence v. Montgomery, 37 Cal. 183; Weissenfels v. Cable, 208 Mo. 515, 106 S. W. 1028; Pluto Oil & Gas Co. v. Miller, 95 Okl. 222, 219 P. 303; Davis v. Robedeaux, 97 Okl. 86, 222 P. 990. In De Hoghton v. Money, L. R., 2 Ch. 164, 15 L. T. (N. S.) 403, 15 W. R. 214, Lord Justice Turner said: "I do not hesitate to say that in my opinion the right to complain of a fraud is not a marketable commodity."

This claimant and J. Edward Jones, its controlling officer, not only had knowledge of all the facts and circumstances surrounding the transfer of the assets from the trust estate to the corporation, but actively participated in accomplishing the result that has been undone only after long and expensive litigation that has cost the trust estate thousands of dollars in receivership and other expenses and that has left it with an adjudicated claim against the Petroleum Royalties Company of Oklahoma which J. Edward Jones, the controlling officer of the claimant and through it the said Petroleum Royalties Company of Oklahoma, was instrumental in causing the creation of and guided its activities, which claim has not been paid, and which he refuses to pay. Claimant's activity in that regard is but a part of the transaction by which it acquired the shares it now seeks to exchange, and, but for the fact that the transfer by the trust estate has been set aside, claimant would not now be seeking relief at the hands of this court. Jones was the president of claimant. He controlled its policies. He and his associates, whom he dominated, were its principal stockholders. He was not only claimant's agent, but so thoroughly and completely dominated it that it may be said, so far as this case is concerned, that he and the claimant were identical.

I cannot conceive that claimant is entitled to the aid of a court of conscience to lift it out of the pit it dug for others, but fell into itself. He who seeks equity must do equity; he who comes into equity must come with clean hands; a right cannot arise to one out of 'his own wrong; and he who has done iniquity shall not have equity—are maxims of ancient origin that have long guided courts of equity in the administration of justice. There is no reason to depart from them now. If authority be needed for what should be self-evident, see 9 C. J. 1219, 1220; Gould v. Head (C. C. Colo.) 41 F. 240; Bearden v. Jones (Tenn. Ch. App.) 48 S. W. 88; Barnes v. Starr, 64 Conn. 136, 28 A. 980; Lyons v. Elston, 211 Mass. 478, 98 N. E. 93; Primeau v. Granfield (C. C. A. 2) 193 F. 911; Richardson v. Walton (C. C.) 49 F. 888; Trice v. Comstock (C. C. 8) 115 F. 765; Pomeroy's Equity Jurisprudence (4th Ed.) Vol. 1, §§ 397, 398, 401; Harriman v. Northern Securities Co., 197 U. S. 244, 25 S. Ct. 493, 49 L. Ed. 739.

The exceptions to the special master's report are overruled.