Rescript Opinions.

COMMONWEALTH vs. JOHN E. HURTT, III (and a companion case[1]).
March 31, 1976. There was no error in the admission in evidence of
testimony concerning an encounter during trial between the defendants
and the victim of the crime. According to that testimony, shortly before
the beginning of the second day of their trial on indictments for rob-
bery the defendants approached the victim in the court house corridor
and gave him forty dollars (the amount taken during the robbery) and
keys to an automobile. They told him to go to a bar where they would
meet him. The defendants met the victim later that day at the named
bar and told him to go to a hotel room which they had procured and
remain there until after 4:00 P.M. Such testimony was plainly admis-
sible as evidence of consciousness of guilt. See *Commonwealth* v. *Min
Sing,* 202 Mass. 121, 125 (1909); *Commonwealth* v. *Smith,* 350 Mass.
600, 609 (1966). Because of its unquestioned relevance to the crime for
which the defendants were being tried, the testimony was not inadmis-
sible as tending to prove the commission of another crime. *Common-
wealth* v. *Deschamps,* 1 Mass. App. Ct. 1, 2 (1972). There is nothing
in the transcript or elsewhere in the record to indicate that the defend-
ants were proceeded against or punished for contempt of court as the
result of their conduct set out above, and we are at a loss to see why
we should honor the defendants' request to "order a trial on the merits
of the contempt of court which occurred."

*Judgments affirmed.*

The case was submitted on briefs.
*Richard J. Cohen* for the defendants.
*Philip A. Rollins,* District Attorney, & *Don L. Carpenter,* Assistant
District Attorney, for the Commonwealth.

COMMONWEALTH vs. ROBERT W. PRINCE. March 31, 1976. There was
no error in the admission de bene of the wife's testimony as to the
purchase price of the three-year old television set her husband had pur-
chased. The purchase price was relevant evidence in determining the
value of the set. *Schneider* v. *Hayward,* 231 Mass. 352, 357 (1918).
"There is wide discretion in the trial judge to determine what evidence
of value shall be deemed admissible in the circumstances." *Salter* v.
*Leventhal,* 337 Mass. 679, 691 (1958). Any objection based on hearsay
was waived by the failure to make a motion to strike the testimony
after it became apparent that her knowledge of the sale was second-
hand. *Commonwealth* v. *Johnson,* 199 Mass. 55, 59 (1908). *Brek's Case,*
335 Mass. 144, 149 (1956). See also *Commonwealth* v. *Early,* 349 Mass.
636, 637 (1965). In any event, in all the circumstances, the admission
of the testimony was harmless. The second assignment of error is
waived.

*Judgment affirmed.*

The case was submitted on briefs.
*Joseph F. Flynn* for the defendant.
*William T. Buckley,* District Attorney, & *Thomas X. Cotter,* Assist-
ant District Attorney, for the Commonwealth.

---

[1] Commonwealth vs. Frederick L. Washington, Jr.