J. WESTON ALLEN, trustee, *vs.* GEORGE E. FRENCH & others.

Middlesex.　　December 5, 1901. — February 27, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Equity Pleading and Practice*, Bill, Decree.

Since St. 1883, c. 223, § 10, every bill in equity is assumed to have a prayer for general relief whether one is actually inserted or not.

The decree entered in the Superior Court in this case is in accordance with the opinion reported in 178 Mass. 539.

A defendant in a suit in equity, who had been ordered by the court to transfer to

the plaintiff certain property acquired by the defendant through a transaction fraudulent against creditors both at common law and under the bankruptcy act, asked to have inserted in the decree a provision that certain sums advanced by him to pay creditors of the fraudulent debtor and a certain payment to the debtor's wife should be repaid. *Held,* that the transaction in question being void in part was wholly void, and the defendant might be ordered to reconvey without first being reimbursed.

APPEAL by the defendants from a final decree made in the Superior Court by *Bell,* J., under the order of this court remanding the case to the Superior Court with directions to enter a decree for the plaintiff in accordance with the opinion reported in 178 Mass. 539.

: The decree was as follows:

" This cause came on to be further heard at this sitting after rescript from the Supreme Judicial Court, and thereupon in accordance with said rescript it is ordered, adjudged and decreed as follows :·

" First, that the transactions between James H. Wentworth and the defendant French on the fourteenth day of July, 1898, whereby the said James H. Wentworth released and transferred to the said defendant one hundred and ninety-eight shares of the corporate stock of the J. H. Wentworth Company, and the said defendant acquired the management and control of the assets and business of the said corporation, are void and of no effect, being in effect, as well as in purpose and intention, a preference, contrary to the provisions of the bankruptcy act forbidding preferences; and being also a fraud upon the bankrupt act, in that they prevented, and were intended to prevent, said Wentworth's rights in the shares from being administered in bankruptcy; and being also fraudulent at common law, in that they were intended to place the said Wentworth's rights in the shares beyond the reach of his creditors.

" Second, that the transfers of the said one hundred and ninety-eight shares of the corporate stock of the J. H. Wentworth Company to the defendant French on the fourteenth day of July, 1898, are hereby set aside, together with the subsequent transfers which were made on that day without consideration by the defendant French to the other defendants Claude T. Deaderick, Charles W. Boynton and Arthur E. Wakeling; and the certificates of stock issued as evidence of such transfers shall be

forthwith cancelled in writing by said French, Deaderick, Boynton and Wakeling, and such cancellation shall be entered on the stock books of said corporation.

" But said stock shall remain subject to all valid liens, pledges and claims thereon which existed prior to said fourteenth day of July, 1898, the validity of any liens, pledges or claims alleged to exist thereon prior to that date not having been passed upon or adjudicated in this action.

" Third, that the plaintiff shall recover his costs, to be taxed by the clerk, and shall have execution therefor."

*J. C. Ivy*, for the defendants.

*J. W. Allen*, *pro se.*

HAMMOND, J.   It is no longer necessary under our practice that the bill should contain a prayer for general relief.   The bill is to be interpreted as though it contained such a prayer, whether it be actually inserted therein or not.   St. 1883, c. 223, § 10.

The decree from which this appeal was taken is in accordance with the previous opinion of this court and the rescript then sent down.   The transaction of July 14, 1898, is declared void and set aside by the first two clauses, and by the third clause all valid liens existing prior to the transfer are preserved. Whether there were any such liens is not adjudicated.   The defendant French now contends, that the decree should contain a provision that the sums advanced by him to pay creditors and the value of the equity in certain real estate conveyed by him to Mrs. Wentworth should be paid to him, and that the sum paid to her by the check of the Atlantic Company should be paid back to the company, and that the decree should so provide. But the transaction, being void in part, is wholly void, *Denny* v. *Dana*, 2 Cush. 160, and this cannot be done.

*Decree affirmed.*