CLARK L. SMEDLEY *vs.* IRA JOHNSON & another.

Hampden. September 24, 1907. — October 15, 1907.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Equity Pleading and Practice*, Exceptions to master's report. *Rules of Court.*

The provisions of Superior Court Equity Rule 31, that no exception to a master's report will be allowed without a special order of the court unless founded upon an objection made before the master and shown by his report, and that such objections must be in writing filed as required by the rule, will be enforced in this court, and no question will be considered open which it is attempted to raise by an exception to a master's report without a substantial observance of the rule.

In a suit in equity for a partnership accounting where the defendants deny that the plaintiff was a member of the firm, an exception to a master's report because of his alleged wrongful admission of evidence, which does not point out with distinctness the evidence referred to but seems to relate to all the evidence tending to show who constituted the partnership, does not comply with the requirement of Superior Court Equity Rule 32 that exceptions to a master's report " shall briefly and clearly specify the matter excepted to, and the cause thereof," and should be overruled.

Under Superior Court Equity Rule 31 exceptions to a master's report must be taken to the report as finally made up and not to rulings of the master during the hearing, and must be founded on objections in writing filed after the draft of the report has been settled as required by the rule. Accordingly, where there has been no special order of the court and no written objections have been filed, an exception to the admission of certain evidence by the master cannot be founded on an oral objection to its admission shown by the master's report to have been taken at the time it was received by him.

KNOWLTON, C. J. This bill in equity was brought by the plaintiff for an accounting and a settlement of the affairs of a partnership between him and the defendants. The defendants denied that he was a member of the firm, and the case was referred to a master who found that there was no partnership

between these parties, whereupon the bill was dismissed and the plaintiff appealed. The question arises on exceptions to the master's report, four in number, which were overruled by the Superior Court.*

The plaintiff failed to comply with the equity rules of the Superior Court numbered 31 and 32 in regard to the filing of objections and exceptions to a master's report. No written objections were ever filed under the first of these rules, and no formal objection appears ever to have been made as a foundation for exception one or for exception four. Observance of the rules prescribing the method of raising questions of law upon the report of a master is important to secure orderly procedure and to preserve the rights of parties. It has been decided repeatedly that such questions cannot be considered by the court without a substantial observance of the rules, unless the delinquent party is relieved by a special order under Rule 31. *Edwards Hall Co.* v. *Dresser,* 168 Mass. 136. *Whitworth* v. *Lowell,* 178 Mass. 43. *Hillier* v. *Farrell,* 185 Mass. 434. *Huntress* v. *Hanley,* 195 Mass. 236. *Huntress* v. *Allen,* 195 Mass. 226. Under these decisions it is plain that exceptions one and four are insufficient because they are not founded upon a previous objection.

Exceptions two and three relate to the admission of evidence at the hearing before the master. The master's report shows that certain objections were made and certain exceptions were alleged when the evidence was received. If such an objection, appearing in the body of the master's report, might be considered a sufficient foundation for an exception to the master's report, without bringing in any written objections under Rule 31, this second exception does not point out with distinctness the evidence referred to, but it seems to relate to all the evidence tending to show who constituted the partnership. It does not "briefly and clearly specify the matter excepted to and the cause thereof," in accordance with the requirement of Rule 32. Exception three points directly to the admission in evidence of a certain memorandum in writing which the report shows to have been received against the plaintiff's objection, and which therefore raises the question whether an objection so

---

* The case was heard by *Crosby,* J.

taken, and so appearing, can be availed of as a sufficient ground for an exception to a master's report, without an objection in writing to the report itself. While this precise question was not involved in the decision of either of the cases above cited, the language in some of the opinions seems broad enough to cover it. The exceptions that may be taken are to the report as finally made up, and not to rulings of the master during the hearing, that may have become immaterial. The rules contemplate objections in writing to the report after the draft of it has been settled, which objections are to be appended to the report. These are not the same as oral objections made during the hearing, but are more formal. We are of opinion that it is better, in the interest of justice, to apply these rules with some strictness, and to hold that exceptions cannot be allowed without a special order of the court, unless the objections on which they are founded were made in writing before the master as objections to the report itself. The purpose of this method is to show to the adverse party and the court, in a convenient form, the matters which are alleged to be erroneous. It follows that the second and third exceptions which relate to evidence that was admitted under objection, must be overruled, as well as the first and fourth.

It may not be improper to add for the information of the parties, that the plaintiff does not appear to have suffered from this failure to file objections. There is nothing to indicate that the findings referred to in the first and fourth exceptions were not well supported by the evidence. The memorandum referred to in the third exception seems admissible under the R. L. c. 175, § 66. *Hall* v. *Reinberz*, 192 Mass. 52. Most, if not all of the oral evidence objected to was admissible under the same statute. See *Nagle* v. *Boston & Northern Street Railway*, 188 Mass. 38.

*Decree affirmed.*

The case was submitted on briefs.

*E. H. Lathrop & L. M. Blydenburgh,* for the plaintiff.

*J. B. Carroll & W. H. McClintock,* for the defendants.