WALTER C. MASTERS & another *vs.* WAYNE AUTOMOBILE COMPANY & others.

Suffolk.   December 3, 1907. — February 29, 1908.

Present : KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Equity Pleading and Practice,* Appeal.   *Contract,* Construction.

Where a suit in equity is referred to a master who files a report to which both the plaintiff and the defendant file objections and exceptions and, after a hearing, a judge, on motion of the plaintiff, makes an interlocutory decree overruling all the exceptions and confirming the report, and a final decree in accordance with the report is entered, and the defendant appeals from both decrees but the

plaintiff appeals from neither, the plaintiff, at the hearing on the defendant's appeal in this court, cannot object to the decrees.

A corporation engaged in the manufacture of automobiles made a contract in writing with one whom, by the terms of the contract, it appointed its "regular agent" within a certain territory. The corporation agreed not to appoint any other agents in the territory, to sell machines to the agent at a reduced rate, and "to allow and pay to the" agent "a commission . . . on any and all sales made in the above described territory by them, on which the" corporation "has no knowledge that the" agent "has individually solicited to buy an automobile manufactured by the" corporation. It was agreed that the word "them" referred to the corporation. *Held*, that the terms of the quoted portion of the contract did not require the corporation to pay to the agent a commission on a sale which was made by it in the specified territory without any individual solicitation on the part of the agent.

BILL IN EQUITY, filed in the Superior Court for the county of Suffolk June 9, 1905, praying that the defendant corporation be enjoined from employing other agents than the plaintiffs to act for it in a certain territory and from thus breaking a contract by which the defendant corporation appointed the plaintiffs sole agents in the territory named; and for an accounting.

The case was referred to a master, who filed a report. By the terms of the contract in question between the defendant corporation (hereinafter called the defendant) and the plaintiffs, the defendant, which was the party of the second part, appointed the plaintiffs "its regular agent within" the specified territory "to sell and repair automobiles manufactured by" the defendant, agreed not to appoint any other agents in that territory so long as the plaintiffs kept the contract, to allow a certain discount on all automobiles and parts purchased "of them" by the plaintiffs, and to replace defective parts without charge. The plaintiffs agreed to do all in their power to sell automobiles and parts manufactured by the defendant, to instruct purchasers, to make repairs promptly, to maintain the current prices quoted by the defendant, and to advertise adequately. The fifth paragraph of the contract is quoted in the opinion.

The master found that the defendant had committed various breaches of the contract for which it should pay the plaintiffs $1,024.76, including the item of $500 mentioned in the opinion. Both parties filed objections and exceptions to the report, which, after a hearing, were overruled in an interlocutory decree by *Fox*, J., and a final decree was entered for the plaintiffs. The plaintiffs did not appeal either from the interlocutory decree

overruling their exceptions or from the final decree. The defendant appealed from the interlocutory decree overruling its exceptions and from the final decree.

*R. A. B. Cook,* for the defendant corporation.

*W. F. Porter,* for the plaintiffs.

HAMMOND, J. The plaintiffs not having appealed from the order overruling their exceptions to the master's report, or from the final decree, cannot object to the decree. Indeed the master's report was confirmed upon their motion.

The only question which the defendant the Wayne Automobile Company of Detroit, Michigan, hereinafter called the defendant, now raises is whether the plaintiffs are entitled to a commission on the sales of two machines to one Lehan. As to this the master found that, before the expiration of the contract upon which this bill is based, " the defendant Lewis, while still in the employ of the defendant company, made a contract for sale of two automobiles to a man named Lehan, who lived within the plaintiffs' district." This commission would amount to $500. . The master did not find, nor do we understand the plaintiffs to contend, that the plaintiffs individually had solicited Lehan to buy, or knew anything about him as a possible customer.

The decision of this question turns upon the meaning of the fifth clause in the contract, which reads thus: " The Wayne Automobile Company [the party of the first part] agrees to allow and pay to the second party [the plaintiffs] a commission of twenty per cent (20%) on any and all sales made in the above described territory by them, on which the party of the first part has no knowledge that the party of the second part has individually solicited to buy an automobile manufactured by the Wayne Automobile Company." The precise question is whether the sales to Lehan were sales within this clause. If they were, then the plaintiffs are entitled to a commission.

The plaintiffs contend that under the contract they became the exclusive agents to sell within the described territory, and that the " only logical construction " of the clause is that " it gives to the plaintiffs a commission on all sales made within the territory described without compelling the plaintiffs to prove individual solicitation." The defendant on the other hand contends that " the only reasonable . . . construction is that the

defendant shall pay to the plaintiffs a commission on any and all sales made by the defendant within the plaintiffs' territory, said sales having been solicited by the plaintiffs without any knowledge thereof on the part of the defendant."

The clause is not clear. Both parties agree however that the word "them" means the defendant; and, although there are some difficulties in that construction, especially when the clause is considered in connection with some of the other provisions of the contract, we are inclined to agree that it must be adopted. The defendant was a corporation. The plural pronoun is frequently used in common speech to describe a corporation, and it is actually used in the fourth clause of this same contract to describe the defendant. Moreover, to construe it to mean the plaintiffs would render the latter part of the clause practically meaningless.

Since the clause relates to sales by the defendant, it is plain that such sales were contemplated by the parties as possible events. The defendant had the right to make sales itself within the territory, notwithstanding the contract. The contract makes no express provision to the contrary, and none can be implied by law from its language.

Now what kind of sales made by the defendant were they upon which the plaintiffs were to have a commission? They were sales upon which the defendant "had no knowledge" that the plaintiffs had "individually solicited to buy an automobile manufactured by" the defendant. The very language implies the existence of such solicitation as a fact, and cannot be held to apply where it does not exist. It is well to observe that the word "individually" is not without significance. By the terms of the contract the plaintiffs agreed that they would "adequately advertise" the automobile of the defendant, and it might reasonably have been anticipated that in that way the attention of a person might be called to this machine and yet the plaintiffs have no further connection with a sale afterwards made to him; but it is manifest that the words "individual solicitation" are not intended to apply to such a case.

If the purpose of this fifth clause had been to provide that the plaintiffs should have a commission in any and all sales made by the defendant, then there was no need of any qualifying

phrase, and the clause naturally would have ended with the word "them." But it is clear that that was not its purpose, and that if it had stopped there it would not have expressed the intent of the parties. As to sales made by the defendant, a distinction is taken between those where there is individual solicitation on the part of the plaintiffs and those where there is no such solicitation. To the first class it applies and gives a commission whether or not the defendant knew of the solicitation. To the second class it does not apply. We interpret the clause as if it read thus: "The Wayne Automobile Company agrees to allow and pay to the party of the second part a commission of twenty per cent on any and all sales made in the above described territory by it, where the party of the second part has individually solicited to buy an automobile manufactured by the Wayne Automobile Company, even although the fact of such solicitation may not be known to the company." This interpretation is consistent with the general purpose of the contract as shown upon its face, and with the relation of the parties, and seems to be the only one reasonably possible.

As above stated, there was no individual solicitation by the plaintiffs in the sales to Lehan. It follows that the master, in allowing to the plaintiffs the commission on these sales, was in error. The decree is to be corrected by deducting from the sum awarded by the decree the sum ($500) allowed for this commission, and as thus allowed is to stand. And it is

*So ordered.*