SUPREME LODGE OF THE PORTUGUESE FRATERNITY OF THE
UNITED STATES *vs.* LIBERTY TRUST COMPANY & another.

Suffolk.  December 6, 1912.—May 24, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Equity Jurisdiction,* To follow trust fund.  *Trust.  Equity Pleading and Practice,* Appeal.

The treasurer of a subordinate lodge of a fraternal beneficiary corporation deposited funds which he received by virtue of his office in a bank account in his own name in which also were mingled moneys received by him from various other sources.  His successor as treasurer being elected, he admitted to the secretary of the corporation as well as to his successor that the funds of the lodge were in the bank account and stated that he stood ready to deliver them to his successor, but he died before he could do so.  At the hearing of a suit in equity by the corporation against the executrix of his will to impress the fund with a trust in its favor and to compel its transfer, it appeared that, by a mistake of the treasurer his account at the bank had been overdrawn about three months before the election of his successor, but that "as soon as it was discovered that he had made the mistake the amount was paid by him to the" bank, and that thereafter he had on deposit at the bank a sum of money in excess of the fund claimed by the plaintiff.  A final decree was entered for the plaintiff.  *Held,* that the overdraft did not act as a dissipation of the fund, and that the decree was justified.

Where, in a suit in equity the final decree awards to the plaintiff a certain sum claimed by him but awards him no interest, on an appeal by the defendant alone, the question, whether the plaintiff should have been awarded interest, is not before this court.

BILL IN EQUITY, filed in the Superior Court on February 14, 1911, to impress with a trust in favor of the plaintiff a fund of $1,137.27 on deposit in the defendant trust company to the credit of the estate of one Manuel J. DeAvellar, the executrix of whose will also was a defendant, and to compel a transfer of the fund to the plaintiff, it being alleged in the bill that the fund had been held by DeAvellar as funds of the plaintiff.

In the Superior Court the case was heard by *Hardy,* J., who filed a memorandum of his findings to the effect that the deposit of DeAvellar with the defendant trust company was in his name as an individual, that therein were mingled with his own funds money received by him as the treasurer of a subordinate lodge of

the plaintiff as well as money received by him from various other sources, and that DeAvellar had acknowledged to the proper officer of the plaintiff, at regular examinations of his accounts as treasurer, "that he had funds in his possession for which he should account to the plaintiff," and, on the election of his successor in December, 1910, had offered to give a check to the plaintiff's secretary, and was prepared to do so but had been told that he had better give it to his successor; that on December 27, 1910, he had told his successor that he was ready to give him a check on the defendant trust company for the lodge's funds there deposited, or to go with him to the bank of that defendant and transfer the deposit. DeAvellar died on January 1, 1911. The judge's finding on this subject concluded as follows:

"I find from the statement he made to the secretary of the Supreme Lodge, as well as to his successor, that there was such an appropriation of the funds in his hands for the benefit of the plaintiff; that he made a declaration of trust that the fund which was held by him in the Liberty Trust Company was the fund belonging to the Supreme Lodge."

The judge's entire finding as to the overdraft by DeAvellar, mentioned in the opinion, was as follows: "It appears that on October 25, 1910, by reason of a mistake in the subtraction of the sum of a previous check from his balance on hand, he overdrew his account, that is, that he felt on that day he had a balance to his credit of $1,000 in excess of the amount which he actually had. This resulted in there being an overdraft upon his account of about $100 or more upon that date. As soon as it was discovered that he had made this mistake the amount was paid by him to the company, and from that time until the day of his death there was deposited by him in his various capacities above described an amount of money in excess of $13,000 to his credit in the Liberty Trust Company."

Other material facts are stated in the opinion.

A final decree was entered as prayed for in the bill. The defendant executrix appealed.

*J. J. Cummings*, for the defendant executrix.

*J. E. Kelley*, for the plaintiff.

LORING, J. This is a bill in equity brought by a fraternal beneficiary corporation to compel the transfer to it of $1,137.27. The

defendants are the executrix of the will of Manuel J. DeAvellar and a trust company in which DeAvellar during his lifetime had a deposit account in his own name. The bill is based upon the theory that this $1,137.27 was the amount of trust moneys belonging to the plaintiff which it can in fact trace to the deposit account under the doctrine fully explained in *Hewitt* v. *Hayes,* 205 Mass. 356. The judge found for the plaintiff, and the case comes before us on his findings without the evidence on which they were made.

It appears that DeAvellar died on January 1, 1911, and that on October 25, 1910, he overdrew the deposit account in question through a mistake in subtraction in figuring out the amount then on deposit. But the judge found that "as soon as it was discovered that he had made the mistake the amount was paid by him to the company," and that "there was an intention on his part to replace it, which he had a right to do." We interpret this to be a finding that DeAvellar immediately corrected this mistake and deposited to the credit of this account such sum as was necessary to leave in this account the plaintiff's money intact which up to this time had been in this account untouched. This did not act as a dissipation of the trust fund. On that point *Perkins* v. *Perkins,* 134 Mass. 441, is decisive.

The defendant has argued that DeAvellar had no right to correct this mistake because he was insolvent at the time. As to that it is enough to say that it does not appear that he was insolvent at that time. In fact there is no finding that he was insolvent at any time.

The other contentions argued by the defendant are concluded by the findings of the judge which in the absence of the evidence on which they were made are final.

The plaintiff has asked that the decree be modified so as to give it interest on its money. But the only appeal taken from the decree was taken by DeAvellar's executrix. Whether the decree ought to have given the plaintiff interest is not before us.

The decree must be affirmed with costs to be paid by the executrix.

*So ordered.*