ANNIE W. STEVENS & others *vs.* ANDREW W. BAKER.

Norfolk.    December 6, 1912.—May 24, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Limitations, Statute of.    Equity Pleading and Practice,* Appeal.

One who, after having acted as an agent in charge of real estate of a certain person, continues in charge of it for such person's heirs, and whose claim for services against the ancestor has become barred by the statute of limitations, has no right to deduct the amount of the claim so barred from rents collected from the real estate which have come into his possession while acting as agent for the heirs.

Where in a suit in equity the defendant alone appeals from a final decree and the only error which appears upon the record is the awarding of too small a sum to the plaintiff, the decree must be affirmed.

BILL IN EQUITY, filed in the Superior Court on January 7, 1910, for an accounting by the defendant as the agent in charge of certain real estate of the plaintiffs.

The case was referred to Oscar A. Marden, Esquire, as master. The material facts are stated in the opinion.    After a hearing by *Fessenden,* J., a decree was made for the plaintiffs; and the defendant appealed.

. The case was submitted on briefs.

*A. P. Worthen,* for the defendant.

*A. T. Johnson & M. S. Case,* for the plaintiffs.

LORING, J.    The only question presented in this case is whether the defendant has the right to pay himself out of rents of the plaintiffs' real estate (collected by him as their agent) the sum of $733.18 due to him from the plaintiffs' ancestor in title, who died intestate, for collecting rents of the same real estate while she was the owner of it.    The defendant's claim against the estate of the intestate is barred by the statute of limitations.    The defendant having lost his right to collect the debt due him from the intestate now seeks to recoup his loss by taking the amount of it out of income of the property of the intestate's heirs.    And he seeks to

justify this by suggesting that if he had collected his debt from the intestate's estate the property which came from her to the heirs would have been diminished by the amount of it. Were that a justification, a debt barred by the statute of limitations always could be collected from the debtor.

There appears to be an error of $36.23 against the plaintiffs in the amount carried forward as the corrected balance of the second account. But no appeal was taken by them and the entry must be

*Decree affirmed with costs.*