KASTANTAS KILKUS *vs.* CLEMENT K. SHAKMAN & others.

Suffolk. October 21, November 19, 1925. — January 6, 1926.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Equity Pleading and Practice,* Master: report of evidence, objections and exceptions to report, recommittal of report; Bill; Appeal. *Equity Jurisdiction,* To relieve from results of fraud. *Mortgage,* Of personal property. *Estoppel.*

It would be irregular for a master, who is hearing a suit in equity under an interlocutory decree which does not require him to report the evidence, to report evidence at the request of either party.

Where, under Equity Rules 31, 32 (1905), objections and exceptions to a master's report are filed, but the exceptions do not relate to and are not founded upon the objections, neither can be considered.

The disposition of a motion in a suit in equity to recommit a report to a master for the insertion of certain evidence rests in the sound discretion of the court, and an appeal therefrom presents no question of law to this court.

The mere facts, that a mortgagee of automobiles, who has been defrauded of his mortgage security by conduct of the mortgagor, the proprietor of a garage, who induced him not to record his mortgage and to leave the mortgaged property in the possession and control of the mortgagor, brought a suit in equity against the mortgagor, attached all the property in his garage and put in a keeper, and shortly thereafter caused a receiver to be appointed who took possession of such of the automobiles as remained unsold, did not preclude the mortgagee from maintaining a suit in equity against the mortgagor and a former partner to recover damages for the fraud practised on him by them in inducing him not to record his mortgage and in attempting to defraud him of his equitable rights.

Facts found, without a report of the evidence, by a master in a suit in equity by a mortgagee of automobiles against the mortgagor and a former partner of the mortgagor for relief from fraud practised by the defendants in inducing the plaintiff not to record his mortgage and in attempting to defraud him of his equitable rights, were *held* to be sufficient to sustain a decree for the plaintiff; and it *further was held,* that the decree was supported by the allegations of the bill.

The plaintiff in the suit above described, because he relied upon the fraudulent conduct of the defendants, was not as a matter of law barred by laches nor estopped by his conduct in that he did not record his mortgage as required by G. L. c. 255, § 1.

A defendant in a suit in equity who does not appeal from a final decree which is favorable to himself and from which other defendants have appealed, cannot be heard in this court to argue that the decree should be modified so that it shall be still more favorable to him.

BILL IN EQUITY, filed in the Superior Court on June 13, 1922, and afterwards amended, against Clement K. Shakman, Thaddeus K. Kristy and Peter K. Wychunas, seeking relief from fraud alleged to have been practised by the defendants to deprive the plaintiff of the benefit of mortgage security given to him by the defendants Shakman and Kristy.

In the Superior Court, the suit was referred to a master. Proceedings relating to the master's report are described in the opinion. From an interlocutory decree confirming the report and a final decree for the plaintiff, entered by order of *Morton,* J., and described in the opinion, the defendant Kristy appealed.

In this court, the defendant Wychunas argued, among other contentions, that the attaching of the automobiles while in the possession of the other defendants, as described in the opinion, caused the plaintiff's mortgage lien to be relinquished; and also that an attorney's bill of $476.30, which the master found had been incurred by him in connection with the litigation, should have been allowed him.

*E. M. Dangel & J. J. Enright,* for the defendant Kristy, submitted a brief.

*C. G. Willard,* for the defendant Wychunas.

No brief nor argument for the plaintiff.

RUGG, C.J.    This is a suit in equity wherein the plaintiff, the holder of a first but unrecorded mortgage securing an indebtedness, given by the defendant Shakman on certain automobiles, seeks to restrain Shakman from further encumbering or disposing of the property, to restrain the defendant Kristy from disposing of a subsequent mortgage on the same property given to him and by him assigned as security for indebtedness to the defendant Wychunas, to restrain Wychunas from foreclosing the mortgage, and for

recovery of damages suffered by the plaintiff through alleged frauds of the defendants, and for other relief.

The case was referred to a master, who has made a full report of all the facts. Since the evidence is not reported, these findings must be accepted as final and treated as true. *Glover* v. *Waltham Laundry Co.* 235 Mass. 330, 334.

The facts are that, the plaintiff having advanced certain money to three persons of whom the defendant Shakman was one, for the purpose of buying a number of automobiles for resale, the interested parties, after some of the automobiles had been sold, met at an attorney's office on December 28, 1921, for conference and adjustment of their interests. As the result of a full understanding, the other two joint owners of the automobiles executed a bill of sale of their shares to the defendant Shakman, who at the same time executed and delivered a note for the amount due to the plaintiff, and as security therefor a mortgage on the property, being then twenty-nine automobiles. At the same time an agreement between Shakman and the plaintiff was executed stating the terms upon which Shakman was to retain possession of the automobiles, sell them and account for the proceeds to the plaintiff. The attorney advised the plaintiff to record his mortgage, but Shakman protested and, after discussion and in reliance on Shakman's good faith and honesty and on the statement of the attorney that it could be recorded later, the plaintiff refrained from recording the mortgage at that time. Shakman was at this time in partnership with the defendant Kristy in carrying on a public garage, where the automobiles were stored pending their sale. The terms of the settlement, the contents of the several instruments executed and the agreement as to the sale of the automobiles, were communicated immediately to Kristy. Two months later, on February 27, 1922, Kristy retired from his partnership with Shakman, transferring to the latter all his interest therein, enumerating the automobiles described in the plaintiff's mortgage as the principal asset, for the stated consideration of $14,000. In payment therefor Shakman executed a mortgage on the personal property, including the same automobiles, which was recorded the same day. It

was payable, not at a time certain but from the sales of the automobiles as and when made by Shakman. The master finds that the title to the twenty-nine automobiles was not in the firm of Shakman and Kristy, but that title stood in the name of Shakman for purposes of sale. Kristy later assigned his mortgage to the defendant Wychunas, who advanced $3,000 on it as security without knowledge of the plaintiff's prior mortgage on the same property. The plaintiff called at the garage occupied by Shakman and Kristy from time to time and usually saw Kristy, and at least once referred to his mortgage and his anxiety concerning it. Kristy assured him it would be all right and that Shakman would do nothing to injure the plaintiff, but in no way did he refer to his own mortgage. Shakman and Kristy sold some of the automobiles and failed to account with the plaintiff according to the agreement. As soon as the plaintiff knew of this, the plaintiff on June 9, 1922, had his mortgage recorded.

The master found as conclusions from the other facts, (1) that the plaintiff was fraudulently induced by Shakman and Kristy to forego the recording of his mortgage, (2) that the mortgage from Shakman to Kristy was made and was assigned to Wychunas with knowledge on the part of both Shakman and Kristy of the existence of the plaintiff's prior mortgage, in violation of his rights and with intent to defraud him, (3) that Wychunas was an innocent party and not engaged in a conspiracy to defraud the plaintiff, and (4) that Shakman and Kristy owe the plaintiff $12,850.

The defendant Kristy filed requests and motion to the master to report some of the evidence. The rule to the master did not require him to report the evidence. Hence it would have been irregular for him to report evidence at the request of either party. The requests and motion were denied rightly by the master. *Smith* v. *Lloyd*, 224 Mass. 173, 174. *Ananian* v. *Melkon*, 230 Mass. 322, 325.

The defendant Kristy filed two objections to the master's report, which are appended thereto as required by Equity Rule 31 (1905) then in force. He then filed two exceptions, neither of which related to or was founded upon the objec-

tions. This was not in conformity to Equity Rules 31 and 32 (1905). Therefore, neither the objections nor the exceptions can be considered. *Smedley* v. *Johnson,* 196 Mass. 316, 317. *Goodwin* v. *Cosmopolitan Trust Co.* 248 Mass. 146, 150.

The denial of the motion to recommit the report to the master for inclusion of certain evidence presents no question of law. Its disposition rested in the sound discretion of the court. *Henderson* v. *Foster,* 182 Mass. 447.

It follows that the interlocutory decree overruling the exceptions to the master's report and confirming the report must be affirmed.

The defendant Kristy appealed from the final decree entered in favor of the plaintiff. On such an appeal it is open to Kristy to contend that the final decree is not warranted by the frame of the bill or by the facts set forth in the master's report. His arguments on those aspects of the case will be dealt with. So far as such arguments include the invalid exceptions or objections, they will not be considered. *Lyons* v. *Elston,* 211 Mass. 478, 482. *Church* v. *Brown,* 247 Mass. 282, 287.

The master found that after discovering that some automobiles had been sold without accounting for the proceeds, the plaintiff " brought suit against Shakman, attached all the property in his garage, and put in a keeper. . . . Promptly following the attachment a receiver was appointed who took possession of such of the" automobiles as remained unsold. It does not appear expressly what was the subject of that suit. It may be inferred that the suit there referred to is the present suit. This is not a suit to enforce the mortgage nor an action on the note. It is a suit, as already pointed out, to recover damages for the fraud practised on him by Shakman and Kristy in inducing him not to record his mortgage and in attempting to defraud him of his equitable rights. The principle of cases like *Buck* v. *Ingersoll,* 11 Met. 226, *Evans* v. *Warren,* 122 Mass. 303, and *Cochrane* v. *Rich,* 142 Mass. 15, to the effect that attachment by a mortgagee of property covered by the mortgage is a waiver of all claim under the mortgage, are irrelevant to the facts here disclosed. Even if it be assumed that the mortgage

was waived by the attachment in the suit, the rights of the parties are not affected. It may be deduced from the terms of the final decree that the receivers have converted all the automobiles into cash and hold it for final distribution on the order of the court.

The allegations of the bill support the final decree. The fraud of Shakman and Kristy is set out by ample averments. The prayer for an accounting of the amount due to the plaintiff, together with the other prayers and the prayer for general relief, which the bill is to be interpreted as containing even though not inserted (G. L. c. 214, § 12. *Allen v. French*, 180 Mass. 487), is adequate in connection with all the allegations of the bill to support the final decree.

The specific findings of the master support his conclusion that Kristy is responsible for the amount found due. The findings in substance are that Shakman and Kristy made a plan to defraud the plaintiff out of his security for the money which he or those whom he represented furnished to purchase the automobiles. That being the plan, it was open to the master to look through the forms of the written instruments signed by the parties to the substance of the transactions. Those engaged in a scheme to defraud cannot tie the hands of the court by formal written instruments so that the fraud cannot be investigated and relief granted. The argument of Kristy in this particular rests wholly upon the forms of the written instruments. Those forms fade away in the presence of fraud which they are designed to promote.

The finding that the agreement was to account with the plaintiff for the proceeds of each automobile as sold constitutes no error. The agreement contained no express clause on that subject, although its phrase tends to confirm the view of the master. But if it be treated as somewhat equivocal, it was open to interpretation by the conduct of the parties and on that ground the finding of the master may rest. *Nash v. Webber*, 204 Mass. 419, 424. *Southborough v. Boston & Worcester Street Railway*, 250 Mass. 234, 239.

The facts stated in the master's report are sufficient to support the conclusion that Kristy was legally responsible for the fraud equally with Shakman. It is not necessary to

recite these facts. He knew about the mortgage to the plaintiff and the inducements to prevent the recording of it. He subsequently by his own conversations lulled the plaintiff into fancied security on the subject. He took the later mortgage in his own name for precisely the same amount as that of the plaintiff under circumstances warranting the inference that its purpose was to circumvent the plaintiff. All the circumstances grouped together support that finding.

It is a vain suggestion that, because the plaintiff relied upon the fraudulent conduct of Shakman and Kristy, he has been guilty of laches or estoppel in not recording his mortgage as required by G. L. c. 255, § 1, in order to give it validity.

The defendant Wychunas did not appeal from the final decree. It was in his favor in material particulars. Kristy alone appealed from the final decree. On such an appeal it is not open to Wychunas who did not appeal to ask for a decree more favorable to himself. *Sherburne* v. *Howland,* 239 Mass. 439, 441. *Rollins* v. *Gould,* 244 Mass. 270, 273. *Gray* v. *Chase,* 184 Mass. 444, 452. *Clark* v. *Williams,* 190 Mass. 219, 221. *Masters* v. *Wayne Automobile Co.* 198 Mass. 25, 27. *Portuguese Fraternity* v. *Liberty Trust Co.* 215 Mass. 27, 29. *Stevens* v. *Baker,* 215 Mass. 30. The case at bar is wholly distinguishable on this point from *Lyons* v. *Elston,* 211 Mass. 478, 482.

*Decree affirmed with costs.*