MOURAD P. MOURADIAN & another *vs.* ELIZABETH C. GIBLIN.

Suffolk. January 19, 1926. — January 20, 1926.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Equity Jurisdiction,* To enjoin nuisance. *Equity Pleading and Practice,* Master: objections and exceptions to report; Appeal.

Exceptions based upon objections to alleged rulings by a master in a suit in equity upon questions of evidence must be overruled where the master's report does not show on its face that the evidence on which objection is founded was either admitted or excluded by him.

Exceptions to a master's report in a suit in equity which are not based under Equity Rule 25 (1905) on any objections filed by the excepting party must be overruled.

BILL IN EQUITY, begun in the Superior Court by a writ of summons and attachment dated September 25, 1924, to enjoin an alleged nuisance.

Proceedings in the Superior Court are described in the opinion. The defendant appealed from a final decree, entered on May 20, 1925, by order of *Hammond,* J.

*H. B. Roberts,* for the defendant, submitted a brief.

*J. V. Kalousdian,* for the plaintiffs.

BY THE COURT. The plaintiffs and defendant are owners of adjoining real estate. The buildings on their respective estates are supported by a party wall. The objects of this suit are to compel the removal of a gutter, on the building owned by the defendant, fastened to the party wall and overhanging the roof of plaintiffs' building, and for damages.

The judge found that the defendant had no right to maintain the gutter and that she ought to remove it. The extent of the damage done by the defendant's wrongful act was referred to a master. His report shows simply a finding of the amount of such damage.

The defendant filed what are entitled "Objections to Master's Rulings." The master's report does not show that any rulings were made. The alleged objections relate to introduction of evidence; but it does not appear that any such evidence was introduced. Where the record does not disclose anything upon which objections can be based, the exceptions must be overruled. The master's report must show on its face that the evidence on which objection is founded was either admitted or excluded by him. Nothing of that sort appears. *Cook* v. *Scheffreen,* 215 Mass. 444, 447. Several exceptions not founded on objections were presented; but these cannot be considered. *Smedley* v. *Johnson,* 196 Mass. 316.

*Decree affirmed with costs.*