COMMISSIONER OF BANKS *vs.* TREMONT TRUST COMPANY
& others.

Suffolk. December 5, 1928. — May 31, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, & WAIT, JJ.

*Equity Jurisdiction,* Contempt. *Equity Pleading and Practice,* Master: objections to report, exceptions to report; Appeal. *Waiver.*

An appeal, by the defendant in a suit in equity by the commissioner of banks to enforce the defendant's liability as a stockholder in a trust company, from a decree adjudicating him in contempt for failure to comply with a decree directing him "forthwith" to pay to the plaintiff a certain amount of money, imposing upon him a fine of $50 and directing the clerk of the court, upon receipt of a notice in writing from the plaintiff's counsel that the fine and the amount which he had been directed to pay by the decree had not been paid within ten days, to "issue a capias" for the defendant's arrest, was treated by this court as properly before it, the matter having been treated throughout in the petition, by the parties and by the final decree as a civil and not as a criminal contempt, and no objection to the effect that the appeal would not lie in the circumstances having been made.

Although, at the hearing by a master of the petition for contempt above described, the respondent offered to prove allegations in his answer purporting to set up a defence based on a composition with his creditors in bankruptcy proceedings begun against him before the institution of the main suit by the commissioner, and the master against his objection excluded his offer of proof and the respondent saved an exception and the master so stated in his report, the respondent, upon appeals from an interlocutory decree confirming the report and a final decree adjudging him in contempt, had no standing in this court to contest the propriety of the master's ruling if he filed no objections to the report as required by Equity Rule 26 (1926): by his failure so to file objections, he waived an exception he otherwise might have been able to press upon taking appropriate steps to that end.

There having been no objection filed to the master's report, above described, and the report having been confirmed by an interlocutory decree, the appeals by the respondent from the interlocutory and from the final decree adjudging him in contempt brought to this court only the question whether, under the pleadings and upon the facts found by the master, the interlocutory and the final decrees were warranted.

Failure to comply with a decree in equity ordering the payment of money may be found to be contempt of court.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk on May 8, 1923, and afterwards

amended, against four hundred eleven alleged stockholders of the Tremont Trust Company to enforce stockholders' liability.

The suit previously was before this court upon a reservation by *Sanderson*, J., after a report by a master, and a decision was rendered which is reported in 259 Mass. 162. On May 2, 1927, following the rescript, a final decree was entered by order of *Braley*, J., containing three paragraphs. The third paragraph directed the dismissal of the suit as to two defendants. The first paragraph decreed that defendants whose names appeared in a list marked "A" immediately following it, which list included the name of William R. Scharton, "were on February 17, 1921, when the commissioner of banks took possession ... . and ever since the said date have been and now are, stockholders in the Tremont Trust Company and each owns the number of shares of stock therein set against his name; that said defendants be and they hereby are assessed upon their said shares to the extent of $100 per share; and that said assessment be and the same hereby is made as of March 1, 1922, and bears interest at the rate of six per cent per annum from that date; and that each of the said defendants whose names appear in said list marked A forthwith pay to the plaintiff, the Commissioner of Banks in possession of Tremont Trust Company, as the amount of said assessment and interest thereon, the amount in said list marked A set opposite his name." The amount opposite the name of William R. Scharton was $1,310. In the second paragraph of the decree, similar declarations were made as to defendants whose names appeared in a list appended marked "B" but that part of the paragraph beginning after the words "from that date" read as follows: "and that each of the defendants, whose names appear in the said list marked B, is therefore indebted to the plaintiff in the amount set opposite his name in said list marked B, and that executions in the common form issue against said last named defendants, respectively, for said respective amounts in favor of the plaintiff."

On September 30, 1927, the plaintiff filed a petition against

William R. Scharton and nineteen others asserting service upon the respondents of the final decree after rescript, that they continually from and after the decree had "totally neglected and failed" to pay the sum therein directed to be paid, and that "such neglect and failure to pay your petitioner not only impairs, impedes and prejudices the rights of your petitioner, hampers him in the liquidation of the said trust company, and causes further loss to the many depositors of said company, but also constitutes a wilful disobedience of the order of this court." The prayer was that the respondents be attached for contempt of court and that the court grant such other and further relief as may be necessary and proper, including costs and expenses.

The answer of the respondent Scharton and facts found by a master to whom the petition was referred are described in the opinion. No objections to the report were filed.

By order of *Carroll*, J., an interlocutory decree was entered confirming the master's report, and, by order of *Sanderson*, J., a final decree was entered decreeing that "the respondent William R. Scharton be and is guilty of contempt of this court for failure to comply with the said final decree after rescript entered as of May 2, 1927; that he pay a fine of $50, the same to be paid to the petitioner to compensate him for said injury and to reimburse him for the costs of this proceeding amounting to $3.55; and that the clerk of this court upon receipt of written notice from counsel for the petitioner that said fine and the sum of $1,310 and interest thereon at six per cent from May 2, 1927, have not been paid to the petitioner by the respondent within ten days from the date hereof, issue a capias for the arrest of said William R. Scharton." The respondent Scharton appealed from the interlocutory and the final decrees.

*M. Palais*, for the defendant Scharton, submitted a brief.
*H. R. Atkinson*, for the plaintiff.

RUGG, C.J. This case comes before us on appeal from a final decree entered on a petition for attachment of William R. Scharton, hereafter called the defendant, for contempt for failure to comply with a decree for the payment of money

entered in accordance with the decision in *Commissioner of Banks* v. *Tremont Trust Co.* 259 Mass. 162. The final decree from which the present appeal was taken ordered the defendant to pay a sum of money to the plaintiff in way of fine and ordered other money payments to the plaintiff. It is manifest from the record that the case has been treated throughout in the petition, by the parties and by the final decree as civil and not as a criminal contempt. The adjudication was in its nature exclusively remedial for the benefit of the petitioner and not punitive in vindication of the authority of the court, and for the public welfare. The case is treated as properly here by appeal. No objection of that nature has been raised. *Root* v. *MacDonald*, 260 Mass. 344, 364, 365. *Hayes* v. *Fischer*, 102 U. S. 121. *Worden* v. *Searls*, 121 U. S. 14. *Bessette* v. *W. B. Conkey Co.* 194 U. S. 324, 335. *Matter of Christensen Engineering Co.* 194 U. S. 458, 460. *In re Merchants' Stock & Grain Co., petitioner*, 223 U. S. 639. *Farmers & Mechanics National Bank* v. *Wilkinson*, 266 U. S. 503, 506.

Since the result to the defendant must be the same, there is no objection to stating substantive grounds calling for that result. *Commonwealth* v. *McNary*, 246 Mass. 46, 48, and cases collected. *Creeley* v. *Creeley*, 258 Mass. 460, 463.

The original bill before the court in 259 Mass. 162 was designed to enforce the statutory liability of stockholders in the Tremont Trust Company; it was filed on May 8, 1923, and the rescript pursuant to the opinion of this court was sent on or about April 6, 1927. The final decree for the payment of money, on failure to comply with which the present petition for contempt is founded, was entered as of May 2, 1927. The defendant in his answer admitted the allegations of the petition as to failure to pay money as ordered in the decree of May 2, 1927, but set up in defence in substance that by involuntary petition filed on March 10, 1923, he was adjudicated a bankrupt on March 5, 1924; that he made offer in composition, which was confirmed by the bankruptcy court on October 8, 1925; that he has paid in accordance therewith the specified percentage of his debt to the plaintiff among his other creditors, the claim here in suit having been duly proved.

The plaintiff did not set the case down for hearing on the bill and answer. If that had been done, the facts thus set up would then have been admitted and a hearing would have been like a hearing on a demurrer and without evidence. *Rubenstein* v. *Lottow*, 220 Mass. 156, 161. Equity Rule 12 (1926). Under present equity practice there cannot be exception to an answer, and none was filed in the case at bar. *Pearson* v. *Treadwell*, 179 Mass. 462, 468. *Costello* v. *Tasker*, 227 Mass. 220, 222. *Harvard Trust Co.* v. *Frost*, 258 Mass. 319, 321. The case was referred to a master under a rule requiring him to hear the parties and their evidence, to find the facts and report the same to the court. By his report it appears that the entry of the decree ordering payment of money by the defendant and due service of the petition for attachment for contempt were admitted by the defendant. The master found that, since the entry of the decree and continuously to the time of the hearing, the defendant had been of sufficient financial ability to satisfy the decree in full with accumulated interest, and that he had not done so. It is also found that the original bill in 259 Mass. 162 was taken *pro confesso* against this defendant, who did not appear or interpose any defence. The report of the master sets out an offer of proof of the facts set up in the answer touching the petition and adjudication in bankruptcy, the offer of composition confirmed by the bankruptcy court, and the payment in accordance therewith to the plaintiff among other creditors. It is then said in the report that, against the objection of the defendant, this offer of proof was excluded and that the defendant saved an exception. The report concludes to the effect that copy of the final report was mailed to all counsel with the customary five day notice, and that during that period of five days no objections to the final draft were filed. No objections are appended to the report.

An interlocutory decree was entered confirming the master's report, and a final decree adjudging the defendant in contempt and ordering him to pay a fine to the plaintiff and making other orders as to the payment of the amount fixed by the original suit as due from the defendant.

It is provided by Equity Rule 26 (1926) that after notice

of the settlement of the draft of a master's report and furnishing copy thereof, "five days shall be allowed for bringing in written objections thereto, briefly and clearly specifying the matters objected to and the cause thereof, which objections shall be appended to the report." In substance and effect this is the same as Equity Rule 31 (1905). Required practice under that rule has been expounded in many decisions, only a few of which need be cited.

"Observance of the rules prescribing the method of raising questions of law upon the report of a master is important to secure orderly procedure and to preserve the rights of parties. It has been decided repeatedly that such questions cannot be considered by the court without a substantial observance of the rules." Knowlton, C.J., in *Smedley* v. *Johnson,* 196 Mass. 316, 317, where many cases are cited. *Stevens* v. *Rockport Granite Co.* 216 Mass. 486, 493. *Arnold* v. *Maxwell,* 230 Mass. 441, 444. *Capen* v. *Capen,* 234 Mass. 355, 362. *Kilkus* v. *Shakman,* 254 Mass. 274, 278. *Mouradian* v. *Giblin,* 254 Mass. 478. The change made by Equity Rule 26 (1926) from preëxisting rules covering the same subject, to the effect that upon the filing in court of a master's report, "a party whose objections are appended thereto shall be deemed to have excepted to the report for the reasons set forth in the objections," accentuates the importance of compliance with the rule as to objections because it relieves the party of the obligation, theretofore resting upon him under Equity Rule 31 (1905), in addition to bringing in to the master written objections before the filing of the report, to file exceptions with the clerk within fifteen days from the filing of the master's report. All that was decided in the group of cases last cited, as to the necessity of objections to the master's report to be appended thereto, has at least equal binding force now under the present rule.

The defendant in the case at bar brought in to the master no objections to the report within the five day period. He therefore had no exceptions to the master's report. It is of no avail that the master set out in his report the offer of evidence by the defendant and the exclusion of the same with a statement that the defendant excepted to his ruling. That

was but a preliminary step, which would have enabled the defendant to file an objection and thus have an exception. It stands on the same footing as saving an exception during a trial and omitting to embody it in a bill of exceptions. Of course in such case the excepting party has no standing. *Commonwealth* v. *Dow*, 217 Mass. 473, 482, 483, and cases collected. *Freedman, petitioner,* 222 Mass. 179, 182. *Barnett, petitioner,* 240 Mass. 228, 230. *Hurley* v. *Boston Elevated Railway,* 213 Mass. 192. It follows that the defendant has not raised the question whether a discharge in bankruptcy in the circumstances disclosed in his answer and in his offer of proof was a defence to the present petition. It is not open to him under long established practice. The failure of the defendant to bring in objections to the master was a waiver of any exceptions he might otherwise have been able to press upon taking appropriate steps to that end.

The case at bar is precisely governed on this controlling point by *Goodwin* v. *Cosmopolitan Trust Co.* 248 Mass. 146, 150, and *Adams* v. *Eastern Massachusetts Street Railway,* 257 Mass. 115, 124, 125, 135.

The only question presented on this appeal is whether, under the pleadings and upon the facts found by the master, the interlocutory and final decrees were warranted. *French* v. *Peters,* 177 Mass. 568. *Huntress* v. *Allen,* 195 Mass. 226. *Huntress* v. *Hanley,* 195 Mass. 236. *Pevey* v. *McGrath,* 243 Mass. 451. *Casto* v. *Wrenn,* 255 Mass. 72, 75.

Failure to comply with a decree in equity may be found to be contempt of court. *New York Central Railroad* v. *Ayer,* 253 Mass. 122, 127. *Irving and Casson-A. H. Davenport Co.* v. *Howlett,* 229 Mass. 560, 562. A decree for the payment of money may be enforced by process for contempt. *White* v. *White,* 233 Mass. 39, 44. Manifestly there was no error in the decrees entered.

> *Interlocutory decree affirmed.*
> *Final decree affirmed with costs.*